No. 92-512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA ex rel.,
JAMES C. NELSON, GLACIER COUNTY ATTORNEY,

      Relator,

   v.

MONTANA NINTH JUDICIAL DISTRICT COURT,
GLACIER COUNTY, THE HONORABLE
R. D. McPHILLIPS, Presiding Judge,

      Respondent.



FILED

NOV 18 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

ORIGINAL PROCEEDING

COUNSEL OF RECORD:

      For Relator:

          Larry Epstein, Glacier County Attorney,
          Thane Johnson (argued), Deputy Glacier County
          Attorney, Cut Bank, Montana

      For Respondent:

          David F. Stufft (argued), Attorney at Law,
          Cut Bank, Montana

      Amici Curiae:

          Wm. Nels Swandal, Attorney at Law, Livingston,
          Montana (Montana County Attorneys Association);
          Thomas J. Beers, Attorney at Law, Missoula,
          Montana (Montana Trial Lawyers Association);
          William F. Hooks, Appellate Defendant Office,
          Helena, Montana

Submitted: September 3, 1993

Decided: November 18, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant William V. Hill was charged by information, filed in the Ninth Judicial District Court in Glacier County, with felony assault in violation of § 45-5-202(2)(c), MCA; obstructing a peace officer in violation of § 45-7-302(1), MCA; and resisting arrest in violation of § 45-7-301(1)(a), MCA. Prior to trial, defendant formally waived his right to a jury trial and requested a trial of factual issues before the District Court without a jury. However, in response, the State demanded a jury trial of all factual issues. After considering the arguments of the parties, the District Court concluded that § 46-16-110(3), MCA, permitted defendant to waive his right to trial by jury and did not violate Article II, Section 26, of the Montana Constitution. On that basis, the District Court denied the State's demand for a jury trial. The State petitioned this Court to review the District Court's decision. We accepted review of this issue pursuant to our authority to exercise supervisory control. Upon completion of that review, we affirm the order of the District Court.

The issues presented to this Court for its consideration are:

1. Is this an appropriate case in which to exercise supervisory control?

2. Does the State of Montana have a right, pursuant to Article II, Section 26, of the Montana Constitution, to trial by jury in criminal cases, or can the right to trial by jury be waived by defendant, over the State's objection, pursuant to § 46-16-110(3), MCA?

2

I.

Is this an appropriate case in which to exercise supervisory control?

The exercise of supervisory control by the Montana Supreme Court over the state's district courts is authorized by Article VII, Section 2(2), of the Montana Constitution, and by Rule 17(a), M.R.App.P.

We have held that assumption of original jurisdiction for the purpose of exercising supervisory control is appropriate when:

> (1) Constitutional issues of major state-wide importance are involved;
>
> (2) The case involves purely legal questions of statutory and constitutional construction; and
>
> (3) Urgency and emergency factors exist, making the normal appeal process inadequate.

*State ex rel. Racicot v. District Court* (1990), 244 Mont. 521, 524, 798 P.2d 1004, 1006.

In this case, all three bases for the exercise of supervisory control are present. The right of the State of Montana to demand trial by jury of criminal issues in the face of a waiver by a criminal defendant raises the constitutional issue set forth above. There are no factual issues to consider on appeal. We have been asked to resolve what the State contends is a conflict between Article II, Section 26, of our State Constitution, and § 46-16-110(3), MCA, as enacted by our Legislature. Furthermore, if we were to accept the State's position, the appeal process would be inadequate. Section 46-20-103, MCA, strictly limits the State's

3

right to appeal from a final judgment in a criminal case to the statutory grounds provided. Those statutory grounds do not include denial of the State's demand for trial by jury. Finally, any appeal from an acquittal of the defendant after trial by the district court without a jury would violate defendant's right to be free from double jeopardy, which is guaranteed by the Fifth Amendment of the United States Constitution, and Article II, Section 25, of Montana's Constitution. *State v. Cool* (1977), 174 Mont. 99, 568 P.2d 567.

Therefore, we conclude that this is a proper case in which to exercise original jurisdiction and consider the issue of whether the State of Montana has a constitutional right to trial by jury in all criminal cases.

II.

Does the State of Montana have a right, pursuant to Article II, Section 26, of the Montana Constitution, to trial by jury in criminal cases, or can the right to trial by jury be waived by defendant, over the State's objection, pursuant to § 46-16-110(3), MCA?

BACKGROUND

The right to trial by jury in federal courts was guaranteed by Article III, Section 2, and the Sixth Amendment of the United States Constitution. In *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491, the U.S. Supreme Court held that the right of jury trial for serious offenses is a fundamental right

4

guaranteed to citizens charged with crimes in state courts pursuant to the due process clause of the Fourteenth Amendment.

In *Patton v. United States* (1930), 281 U.S. 276, 50 S. Ct. 253, 74 L. Ed. 854, the Supreme Court held that although a right to jury trial was guaranteed under the Federal Constitution to a defendant charged with a crime, that right could be waived. In *Duncan*, the court emphasized that that right of waiver would also extend to state courts.

However, in *Singer v. United States* (1965), 380 U.S. 24, 34, 85 S. Ct. 783, 790, 13 L. Ed. 2d 630, 638, the court concluded that "[t]he ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right," and that, therefore, the government could constitutionally condition the waiver of jury trial by requiring approval of the government and the trial court as had been done in Rule 23(a), of the Federal Rules of Criminal Procedure. In arriving at its conclusion that there was no constitutional right to a trial without a jury, and that the federal government's limitation on a defendant's right to waive a jury trial was constitutional, the U.S. Supreme Court acknowledged that the various states had provided for different methods by which waiver of jury trials could be accomplished. It made the following observation:

> We are aware that the States have adopted a variety of procedures relating to the waiver of jury trials in state criminal cases. Some have made waiver contingent on approval by the prosecutor, *e.g.*, California (Cal. Const. Art. I, § 7), Indiana (Ind. Ann. Stat. § 9-1803 (1956 Repl. vol.), *Alldredge v. Indiana*, 239 Ind. 256, 156

5

N.E.2d 888 (1959)), and Virginia (Va. Const. § 8, Va. Code Ann. § 19.1-192 (1950 Repl. vol.), *Boaze v. Commonwealth*, 165 Va. 786, 183 S.E. 263 (1936)). Others, while not giving the prosecutor a voice, have made court approval a prerequisite for waiver, *e.g.*, Georgia (Ga. Code Ann. § 102-106 (1955), *Palmer v. State*, 195 Ga. 661, 25 S.E.2d 295 (1943)), and Washington (Wash. Rev. Code § 10.01.060 (1963 Supp.)). Still others have provided that the question of waiver is a matter solely for the defendant's informed decision, *e.g.*, Connecticut (Conn. Gen. Stat. Rev. § 54-82 (1958)), and Illinois (Ill. Ann. Stat. c. 38, § 103-6 (Smith-Hurd ed. 1964), *Illinois v. Spegal*, 5 Ill. 2d 211, 125, N.E.2d 468 (1955)). However, the framers of the federal rules were aware of possible alternatives when they recommended the present rule to this Court, see Orfield, Trial by Jury in Federal Criminal Procedure, 1962 Duke L.J. 29, 69-72; this Court promulgated the rule as recommended; and Congress can be deemed to have adopted it, 18 USC § 3771 (1958 ed.).

*Singer*, 380 U.S. at 36-37.

The Supreme Court in *Singer* did not hold that, as a matter of constitutional law, approval by the state or the trial court was necessary before the right to jury trial could be waived by a defendant. It simply held that there was no constitutional right to a trial before the court without a jury and that the method for waiver chosen by the Federal Rules of Civil Procedure which required approval of the prosecution and the trial court was not unconstitutional.

A more current and comprehensive analysis of how the various states have chosen to provide for waiver of the right to trial by jury in criminal cases is set forth in *Criminal Jury Trials In Iowa: A Time For Revision*, 31 Drake L. Rev. 187 (1982). The author points out in that article that:

6

> The procedures in state courts can generally be broken down into three categories: (1) those which adhere to the principles of Federal Rule of Criminal Procedure 23(a); (2) those which require at least court approval of the defendant's request for waiver; and (3) those which provide for a unilateral waiver by the defendant. Typically the individual procedure involves a constitutional provision referring to the "inviolate" nature of trial by jury, a statute or court rule establishing the formalities and case history. [Footnotes omitted].

31 Drake L. Rev. at 199. The appendix to the Drake Law Review article indicates that in ten states a jury trial can be waived by the unilateral act of the defendant; nineteen states have followed the lead of the federal government by requiring court approval and consent of the government; eight states require only the consent of the government; twelve states require only court approval; and the State of North Carolina does not permit waiver under any circumstances.

Montana's Constitution and statutes have varied on this subject over the period of our State's history. As originally provided in Article III, Section 23, of the 1889 Montana Constitution, the right to trial by jury could not be waived in criminal felony cases. Section 23 provided in relevant part that:

> The right of trial by jury shall be secured to all, and remain inviolate, but in all civil cases and in all criminal cases not amounting to felony, upon default of appearance or by consent of the parties expressed in such manner as the law may prescribe, a trial by jury may be waived . . . .

Pursuant to the 1889 Constitution, the Legislature enacted Montana's original statute pertaining to jury trial in criminal cases in 1895. Section 1991 of the 1895 Penal Code provided that:

7

Issues of fact must be tried by jury, unless a trial by jury be waived in criminal cases not amounting to felony, by the consent of both parties expressed in open court and entered in its minutes.

The above statute requiring a jury trial in felony cases and requiring consent by both parties for waiver in misdemeanor cases remained in the form set forth above until 1967 when, due to revisions in the code, it was included in § 95-1901(c), RCM (1947), which provided that:

Defendants in all criminal cases shall have a right to trial by jury not to exceed twelve (12) in number. However, if no capital offense is involved, the parties may agree in writing, at any time before the verdict, with the approval of the court that the jury shall consist of any number less than twelve (12).

In 1972, the State of Montana adopted a new Constitution which included two provisions relating to the right of trial by jury in criminal cases. It is these provisions which have given rise to the issue raised in this case. Article II, Section 24, of the 1972 Montana Constitution provides in relevant part that:

In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same.

Article II, Section 26, of the 1972 Montana Constitution provides that:

The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a

8

jury or before fewer than the number of jurors provided by law. In all civil actions, two-thirds of the jury may render a verdict, and a verdict so rendered shall have the same force and effect as if all had concurred therein. In all criminal actions, the verdict shall be unanimous.

Pursuant to the change found in Montana's Constitution at Article II, Section 26, jury trials were no longer required as a matter of constitutional law in all felony criminal cases. Therefore, the method of waiver which had been provided for in § 95-1901(c), RCM (1947), was also amended when the right to waiver was recodified in 1973 in the Montana Code Annotated. Section 46-16-102(2), MCA (1973), provided that "[u]pon written consent of the parties, a trial by jury may be waived."

In 1991, § 46-16-102, MCA, was renumbered as § 46-16-110, MCA, by the Code Commissioner and the Legislature amended that section in the manner in which the State contends now gives rise to a conflict between Article II, Section 26, and the statutory provision for waiver of trial by jury. As amended in 1991, § 46-16-110(3), MCA, provides that "[u]pon written consent of the defendant, a trial by jury may be waived." (Emphasis added).

### DISCUSSION

The State contends that Article II, Section 26, of the Montana Constitution requires that before a jury trial can be waived, both parties must consent, and therefore, a jury trial cannot be waived over the objection of the State. In support of its position, the State relies on the U.S. Supreme Court decisions in *Patton* and *Singer*, and on decisions from other jurisdictions which have upheld state

9

court rules, statutes, or constitutional provisions which require state approval before waiver of a jury trial is allowed. However, *Singer* does not control the issue before us because as previously pointed out, that decision simply upheld the constitutionality of Federal Rule 23(a) which required government and court approval of jury trial waiver. The court in that case made no pronouncement that similar restraints on the right to waive trial by jury were required by the Constitution. In fact, it is implicit from that court's discussion of the procedures in other states that more than one procedural alternative is permissible.

Neither is *Patton* authority for the State's position in this case. The court in that case did hold that in federal courts consent of the government and the trial court would be required prior to waiver of trial by jury where federal crimes are charged. However, the court did not make that holding as a matter of constitutional law, it did so in its capacity to formulate rules for the federal courts. We agree with the Supreme Court of Iowa which, in *State v. Henderson* (Iowa 1980), 287 N.W.2d 583, 586, held that the Supreme Court's decision in *Patton* simply "formulated a rule for the federal courts based on common law tradition that 'before any waiver [of a jury trial] can become effective, the consent of government counsel and the sanction of the court must be had . . . .'3" However, the Supreme Court of Iowa held, and we agree, that "[n]o federal constitutional barrier exists to waiver by a defendant of his right to jury trial." *Henderson*, 287 N.W.2d at 584.

10

Furthermore, those decisions from other jurisdictions relied on by the State of Montana for the proposition that a jury trial cannot be waived without approval of the state, come from jurisdictions where the applicable state statute, court rule, or constitutional provision clearly require the state's consent to the defendant's waiver of a jury trial or when there is no controlling statute. *See, e.g., People v. Terry* (1970), 2 Cal. 3d 362, 85 Cal. Rptr. 409, 466 P.2d 961, *cert. denied*, 406 U.S. 912, 92 S. Ct. 1619, 32 L. Ed. 2d 112; *State v. Thwing* (S.D. 1969), 172 N.W.2d 277; *Taylor v. State* (Wyo. 1980), 612 P.2d 851; 37 A.L.R. 4th 304. Therefore, they are not persuasive authority for reconciliation of our Constitution and statutory law. Our statute clearly provides for waiver by the defendant without approval by the prosecutor.

Defendant, on the other hand, relies on authorities from states where waiver of jury trial by the defendant is clearly provided by statute and there is no arguable contradiction in the state's constitutional provision. *See, e.g., People v. Spegal* (Ill. 1955), 125 N.E.2d 468; *State v. Henderson* (Iowa 1980), 287 N.W.2d 583; *Garcia v. People* (Colo. 1980), 615 P.2d 698.

The only decision we have found which appears to include the combination of constitutional and statutory provisions that exist in Montana is the decision of the Supreme Court of Minnesota in *Gaulke v. State* (Minn. 1971), 184 N.W.2d 599. Article I, Section 4, of that state's constitution provides:

11

> The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy, *but a jury trial may be waived by the parties in all cases in the manner prescribed by law* . . . .

*Gaulke*, 184 N.W.2d 601 n.4.

However, Minnesota Statute 631.01 provides that:

> An issue of fact arises upon a plea of not guilty, or upon a plea of former conviction or acquittal of the same offense. *Except where a defendant waives a jury trial,* every issue of fact shall be tried by jury . . . .

*Gaulke*, 184 N.W.2d at 601.

The Minnesota Court in that case did not directly decide the issue with which we are presented because it concluded that it could not properly be presented in a petition for post-conviction relief when it had not been presented on appeal. However, after so concluding, it offered the following advice to the practicing bar and the trial courts in what can only be considered dictum:

> We think an expression of our views concerning waiver of jury trial in criminal cases, although dictum, may be of assistance to the bench and bar. Considering the historical antecedents of our constitution, it is doubtful that the legislature intended to grant the accused an absolute right of waiver. <u>Although we perceive no intent that the waiver be subject to the consent of the prosecution</u>, it has long been considered to be subject to the approval of the trial court. [Emphasis added].

*Gaulke*, 184 N.W.2d at 602.

Based on our review of the authorities provided and capably argued by the State of Montana, the defendant, and the amicus curiae who have appeared in this case, it is clear that the issue with which we have been presented is unique to Montana and depends

12

completely on our construction of Article II, Section 26, of the Montana Constitution.

Our analysis must begin with the approach that "[a] 'legislative enactment' is presumed to be constitutional and will be upheld on review except when proven to be unconstitutional beyond a reasonable doubt." *City of Billings v. Laedeke* (1991), 247 Mont. 151, 154, 805 P.2d 1348, 1349.

To determine the meaning of a constitutional provision, we have also held that we employ the same rules of construction employed to construe statutes. *State v. Cardwell* (1980), 187 Mont. 370, 373, 609 P.2d 1230, 1232.

> The intent of the framers of a constitution[al] provision controls its meaning. *Keller*, 170 Mont. at 405, 553 P.2d at 1006. The intent of the framers should be determined from the plain meaning of the words used. If that is possible, we apply no other means of interpretation. *Keller*, 170 Mont. at 405, 553 P.2d at 1006.

*Cardwell*, 609 P.2d at 1232.

It also follows then, that as with the construction of statutes where there are several constitutional provisions which would otherwise be inconsistent, a construction should be adopted, if possible, which will give effect to all of them. Section 1-2-101, MCA.

Finally, we are guided by the rule that a possible conflict between statutory law and constitutional provisions should be reconciled, if possible. 16 Am. Jur. 2d *Constitutional Law* § 222, (1979).

13

Construction of Article II, Section 26, is necessary because of the following language used in that provision:

> But upon default of appearance or <u>by consent of the parties expressed in such manner as the law may provide</u>, all cases may be tried without a jury . . . . [Emphasis added].

The State argues that "consent of the parties" requires consent of the State before a jury trial can be waived in criminal cases. Defendant contends that the language "expressed in such manner as the law may provide" gives the Legislature authority to establish the form of waiver, and thereby determines the party or parties from whom consent is required. Defendant argues that it did so when it amended § 46-16-110(3), MCA, in 1991.

Looking first to the intent of the framers of the Constitution, we find no support for the argument that when the 1972 Convention changed our Constitution to permit waiver of jury trial in criminal felony cases it intended to require approval by the State. On the contrary, the change from the 1889 Constitution appears to have been intended solely for the benefit of the defendant. When proposing the changes found in Article II, Section 26, Delegate Campbell, from the Bill of Rights Committee, gave the following explanation:

> We have kept it the same except for two changes which we feel will allow a great deal of flexibility in the law. . . . Second of all, a jury could be waived by <u>a defendant</u>. Now, this is important especially in the smaller counties where a jury trial may come up only every 6 months. If a person cannot afford bail, he must remain in the small, often inadequate county jails until the next jury term. This would allow him to intelligently waive this right and allow him to be tried by the judge without a jury. [Emphasis added].

14

Verbatim Transcript of March 9, 1972, hearing, Montana Constitutional Convention, 1971-1972, Vol. V, p. 1780.

Later on during the same hearing, Delegate Campbell again explained the purpose for allowing for waiver of the right to jury trial in our Constitution. He stated that:

> What it does is give <u>the individual</u> the option of determining, with his attorney, whether or not it would be in the best behalf of his defense to waive the jury trial, which may not come up in this county for another 4-5 months while he's still in the jail, or go directly to the trial judge now, waiving the jury. [Emphasis added].

Verbatim Transcript of March 9, 1972, hearing, Montana Constitutional Convention, 1971-1972, Vol. V, p. 1787.

Finally, the Convention Note to Article II, Section 26, states:

> Revises 1889 constitution [Article III, Section 23] by permitting <u>a defendant</u> to waive a jury trial in felony cases as well as civil and misdemeanor cases and by requiring all jurors (rather than 2/3) agree before a defendant may be convicted of a misdemeanor. [Emphasis added].

It is clear from the transcript of our 1972 Constitutional Convention that when Article II, Section 26, was proposed in a form that allowed waiver of jury trials in criminal felony cases, it was the intention of the framers of that provision that the option was intended for the benefit of defendants who might otherwise be denied speedy trials in rural areas of Montana. It does not appear that the framers contemplated that the State would have the right to object to a defendant's waiver of trial by jury. In fact, such

15

authority by the State would have been inconsistent with the framers' stated objective.

We must also construe Article II, Section 26, of the Montana Constitution in a manner consistent with other provisions in the Montana Constitution. However, the interpretation advocated by the State would result in inconsistent provisions in Article II, Sections 24 and 26. Section 24 guarantees the right of trial by jury in all criminal prosecutions to the "accused." It provides no comparable right to the State. However, to adopt the State's interpretation of Section 26 would provide the State with a right to trial by jury in criminal cases, which is clearly absent from Section 24. In our interpretation of Section 26, this type of inconsistency should be avoided, if possible.

Finally, we are guided by the rule that if an asserted conflict between a statute and a constitution can be reconciled, the Court must do so, and the statute and constitutional provision must be harmonized in a way that gives effect to both when this can be done. 16 Am. Jur. 2d *Constitutional Law* § 222 (1979).

In construction of Article II, Section 26, and in particular, its reference to waiver by the "parties," it must be kept in mind that Section 26 is also the provision in Montana's Constitution which guarantees the right of trial by jury in civil cases. To provide a right to waive a jury trial in that context, it was necessary to refer to the "parties" because to deny one or the other party in a civil matter an equal right to trial by jury would violate the constitutional right to equal protection provided for

16

in Article II, Section 4, Montana Constitution (1972). Therefore, when construing Section 26 in the context of this case, the fact that "parties" are referred to is less significant than the fact that the framers of the Constitution provided that waiver may be accomplished in "such manner as the law may provide . . . ."

Pursuant to that mandate, the Legislature has provided for one method of waiver in civil cases (*see* Rule 38(d), M.R.Civ.P.) and a different method of waiver in criminal cases (*see* § 46-16-110(3), MCA). The latter method is consistent with the clear indication in Article II, Section 24, that only the "accused" is guaranteed a right to trial by jury in criminal cases.

If the framers of the Constitution intended by Section 26 to require consent by the State before a jury trial could be waived, it could have so provided in plain language, or it could have simply added more specific qualifiers, as was done in the California and Oklahoma Constitutions. Article I, Section 7, of California's 1973 Constitution provides that "[a] trial by jury may be waived in all criminal cases by consent of both parties . . . ." (Emphasis added). Article VII, Section 20, of the 1966 Oklahoma Constitution provides that "[i]n all issues of fact joined in any court, all parties may waive the right to have the same determined by jury . . . ." (Emphasis added). Neither constitution provides that the method of waiver is to be established by the legislature.

As is evident from the minutes of the 1972 Constitutional Convention, which were referred to previously, the framers of our

17

Constitution did not use such language because they did not intend to allow the State of Montana to exercise veto power over a defendant's option to waive trial by jury in criminal cases.

We conclude that a reasonable interpretation of Article II, Section 26, which accomplishes the specific purpose for which it was adopted by the framers of the Constitution, which renders it consistent with Article II, Section 24, of the same Constitution, and which avoids a constitutional conflict with § 46-16-110(3), MCA (1991), requires that the District Court be affirmed.

We hold that Article II, Section 26, of the Montana Constitution (1972), provides that a jury trial is guaranteed in all criminal cases unless waived in the manner provided by law. The Legislature is free to provide the procedure for waiver of trial by jury in criminal cases, and has done so in § 46-16-110(3), MCA. That section does not require approval by the State of Montana, nor the district court, and does not violate the Montana Constitution.

The order of the District Court dated October 29, 1992, which allowed defendant to waive trial by jury in this case and denied the State's demand for trial by jury is affirmed. This matter is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

18

We concur:

_____
              Chief Justice

_____

_____

_____

_____
              Justices

_____
District Judge Jeffrey H. Langton,
sitting for Justice James C. Nelson

November 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Glacier County Attorney
P.O. Box 428
Cut Bank, MT  59427

Charles F. Moses
MOSES LAW FIRM
P.O. Box 2533
Billings, MT  59103-2533

MARY JANE McCALLA
Prosecutor
City of Billings
P.O. Box 1178
Billings, MT 59103

David F. Stufft
Attorney at Law
P.O. Box 1225
Cut Bank, MT  59427

Hon. R. D. McPhillips
District Judge
Toole County Courthouse
Shelby, MT  59474

Wm. Nels Swandal, Esq.
414 E. Callender
Livingston, MT  59047


William F. Hooks, Attorney at Law
Appellate Defender Office
Capitol Station
Helena, MT  59620

Thomas J. Beers, President
Montana Trial Lawyers Assoc.
P.O. Box 7307
Missoula, MT  59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy