No. 97-465

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 113

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DAVID MAURICE DAHLIN, JR.,

Defendant and Appellant.

APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kirk S. Bond, Attorney at Law; Seattle, Washington

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
John Paulson, Assistant Attorney General;
Helena, Montana

Thomas P. Meissner, Fergus County Attorney;
Lewistown, Montana

Submitted on Briefs: March 26, 1998

Decided:   May 5, 1998

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1      David Maurice Dahlin, Jr., was charged by information on January 15, 1997, with the offenses of felony driving under the influence of alcohol, misdemeanor driving without a valid driver's license, and misdemeanor failure to have liability protection in effect.  The Tenth Judicial District Court, Fergus County, conducted a nonjury trial and found Dahlin guilty of driving under the influence of alcohol, fourth offense, and driving without a valid driver's license.  The District Court sentenced Dahlin to a term of four years, with two years suspended upon certain conditions, on the charge of felony driving under the influence of alcohol, and to a concurrent term of six months on the driving without a valid driver's license charge.  Dahlin appeals from the sentence and the judgment of the District Court.  We reverse.

¶2    The sole issue on appeal is whether the District Court erred by allowing Dahlin to waive his right to a jury trial without filing a written waiver.

FACTUAL AND PROCEDURAL BACKGROUND

¶3    On January 15, 1997, Dahlin was charged by information in the Tenth Judicial District Court, Fergus County, with violations of: (1) § 61-8-401, MCA, DUI, a fourth lifetime offense, a felony; (2) § 61-5-102, MCA, driving without a valid driver's license, a misdemeanor; and (3) § 61-6-301, MCA, failure to have liability protection in effect, a misdemeanor.  These charges stem from an investigatory stop of Dahlin's vehicle on January 3, 1997, in Lewiston, Montana.

¶4    Dahlin, represented by attorney Torger S. Oaas, appeared in court on January 21, 1997, and entered pleas of not guilty to the charges.  An omnibus hearing was held on February 25, 1997, and a jury trial was set for May 2, 1997.

¶5    On May 2, 1997, the court conducted a bench trial on the charges against Dahlin.  A minute entry dated May 2, 1997, notes:

Non-Jury Trial commenced at 9:10 a.m. with Judge John R. Christensen presiding. . . . Attorney Torger S. Oaas present with the Defendant, David Maurice Dahlin.  Attorney Oaas states Defendant has waived the right to Jury Trial and is ready to proceed with a Non-Jury Trial at this time.

The District Court record does not contain a written waiver of a jury trial and consent to nonjury trial.

¶6    The court proceeded to hear testimony and consider the evidence presented.  At the end of the day, the court found Dahlin guilty of driving under the influence of alcohol and driving without a valid driver's license.  The court found Dahlin innocent of failure to have liability insurance in effect.  The court entered an order setting forth its findings on May 12, 1997.

¶7    A sentencing hearing was held on June 10, 1997.  In an order filed on June 13, 1997, the District Court sentenced Dahlin to the Department of

Corrections for a term of four years with two years suspended for felony driving under the influence of alcohol. For the charge of driving without a valid driver's license, Dahlin was sentenced to a concurrent term of six months in the county jail.

¶8   On June 18, 1997, Dahlin filed a notice of appeal. Dahlin appeals from the sentence and judgment of the District Court.

                    DISCUSSION

¶9   Did the District Court err by allowing Dahlin to waive his right to a jury trial without filing a written waiver?

¶10  The standard of review of a district court s conclusions of law is whether the court s interpretation of the law is correct. State v. Rushton (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359. When we review a district court's findings of fact, the standard of review is whether those findings are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

¶11  On appeal, Dahlin argues that the District Court erred by convicting him in a bench trial without obtaining a written waiver of jury trial signed by him and the prosecution as required under § 46-16-110(3), MCA. That statute provides: "Upon written consent of the parties, a trial by jury may be waived." Section 46-16-110(3), MCA. Therefore, Dahlin contends that the court could not rely upon the oral representation of his counsel that he had waived his right to a jury trial and proceed to convict him in a bench trial.

¶12   The State points out that Dahlin did not raise his right to jury trial or the issue of a lack of a written waiver of jury trial in the District Court before, during, or after the trial. He did not ask the District Court for any relief, nor did he make any objection with regard to a nonjury trial or the lack of written consent at any time during the proceedings.

¶13  We have consistently held that "[t]his Court will not consider issues raised for the first time on appeal when the appellant had the opportunity to make an objection at the trial level." State v. Weeks (1995), 270 Mont. 63, 86, 891 P.2d 477, 491. The contemporaneous objection rule at  § 46-20-104, MCA, and the limitations set forth at  § 46-20-701, MCA, preclude appellate consideration of alleged errors unless a timely objection was made at trial, or unless certain statutory criteria are met. Dahlin does not assert that he made a timely objection, nor does he contend that this claim falls within one of the narrow statutory exceptions found at  § 46-20-701, MCA.

¶14  Therefore, review of Dahlin's right to jury trial or a lack of written waiver claim by this Court can only be conducted pursuant to the common law plain error doctrine. We will discretionarily review alleged errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the criteria set forth in § 46-20-701(2), MCA, where failing to review the alleged error would either: (1) result in a manifest miscarriage of justice; (2) leave unsettled the question of the fundamental fairness of the trial or

proceedings; or (3) compromise the integrity of the judicial process. State v. Finley (1996), 276 Mont. 126, 137, 915 P.2d 208, 215.

¶15  In order for the plain error doctrine to be invoked, this Court must first determine whether the error alleged by Dahlin implicates fundamental constitutional rights. See State v. Sullivan (1996), 280 Mont. 25, 927 P.2d 1033.  Dahlin argues that the District Court's failure to obtain written consent of Dahlin's waiver of right to a jury trial violated his right to trial by jury under Article II, Sections 24 and 26, of the Montana Constitution. Article II, Section 24, of the Montana Constitution provides in relevant part that "[i]n all criminal prosecutions the accused shall have the right to . . . a speedy public trial by an impartial jury." Article II, Section 26, of the Montana Constitution provides that:

> The right of trial by jury is secured to all and shall remain inviolate.  But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law.  In all civil actions, two-thirds of the jury may render a verdict, and a verdict so rendered shall have the same force and effect as if all had concurred therein.  In all criminal actions, the verdict shall be unanimous.

Undeniably, the right to a jury trial is a fundamental constitutional right, clearly provided for in the Montana Constitution.  Given the importance of the legal issue raised, and notwithstanding Dahlin's failure to contemporaneously object or claim error pursuant to § 46-20-701(2), MCA,  failure by this Court to review Dahlin's claim would leave unsettled a question as to the fundamental fairness of his trial.

¶16  Having concluded that Dahlin's claim affects fundamental constitutional rights, we must next determine whether the lack of written consent waiving his right to a jury trial violated his right to a trial by jury under Article II, Section 26, of the Montana Constitution.  Dahlin argues that the District Court erred by allowing him, through the oral representation of his attorney, to waive his right to a jury trial and consent to a nonjury trial without the filing of a written waiver and consent signed by both parties pursuant to § 46-16-110(3), MCA.

¶17  The State responds that although Dahlin has a constitutional right to a jury trial, that right may be waived by a criminal defendant during the course of the proceedings.  In this case, the State contends that Dahlin should be bound by the oral representation of his attorney that he had given consent to waive his right to a jury trail.  Furthermore, the State argues that strict compliance with the writing requirements of § 46-16-110(3), MCA, is unnecessary in this case to show that Dahlin knowingly and voluntarily waived his right to a jury.  Rather, the States relies on State v. McCartney (1978), 179 Mont. 49, 585 P.2d 1321, to argue that this Court should continue to determine the existence of a waiver pursuant to § 46-16-110(3), MCA, by examining the totality of the circumstances.

¶18   As stated above Article II, Section 26, of the Montana Constitution provides that a jury trial is guaranteed in all criminal cases unless waived in

the manner provided by law. We have held that under the language of Article II, Section 26, of the Montana Constitution, the Legislature is free to set forth the procedure for waiver of trial by jury in criminal cases. See State ex rel. Nelson v. Ninth Judicial Dist. Court (1993), 262 Mont. 70, 863 P.2d 1027. The Legislature has clearly done so by enacting § 46-16-110, MCA.

¶19   As stated above, § 46-16-110(3), MCA, provides that "[u]pon written consent of the parties, a trial by jury may be waived." When the language of a statute is clear and unambiguous, we look no further than to the plain meaning of the statute for its interpretation. State v. Long (1995), 274 Mont. 228, 237, 907 P.2d 945, 950. We conclude that the language of § 46-16-110(3), MCA, is clear and unambiguous.

¶20   Under § 46-16-110(3), MCA, both parties must consent and sign a written waiver before a defendant may waive his right to a jury trial. In this case, both Dahlin and the State agree that no written waiver was ever filed with the District Court. The only evidence that Dahlin may have waived his right to a jury trial is the court's minute entry dated May 2, 1997, which provides, in relevant part, "Attorney Oaas states [Dahlin] has waived his right to Jury Trial and is ready to proceed with a Non-Jury Trial at this time." We determine that this minute entry, or an oral representation by Dahlin's attorney, is not sufficient under § 46-16-110(3), MCA, for Dahlin to have waived his right to a jury trial.

¶21   Furthermore, we decline to follow our decision in McCartney. In McCartney, the defendant, like Dahlin, argued that his waiver of a jury trial was ineffective because it was not reduced to writing and signed by both parties as required by statute. At the time, we determined that the statutory requirement of written consent was not such a mandate that failure to comply would render the trial a nullity. McCartney, 179 Mont. at 55, 585 P.2d at 1325. Rather, we concluded that under the situation at hand, we should examine the totality of the circumstances to determine whether the defendant did, in fact, make a voluntary and intelligent waiver. McCartney, 179 Mont. at 56, 585 P.2d at 1325. In McCartney, we noted that our decision was clearly at odds with § 95-1901(d), RCM (1947), a predecessor statute to § 46-16-110(3), MCA, which also provided that a right to a jury trial in a criminal case may be waived upon written consent of the parties. McCartney, 179 Mont. at 56, 585 P.2d at 1325.

¶22   The Legislature has expressly set forth in § 46-16-110(3), MCA, the manner in which the constitutional right to a jury trial in a criminal case may be waived. That statute allows a criminal defendant to waive his right to a jury trial only upon written consent of the parties. In the absence of written consent, the statute does not allow this Court to review the totality of the circumstances to determine whether a defendant has knowingly and voluntarily waived his right to a jury trial.

¶23   After a review of § 46-16-110(3), MCA, and mindful of the constitutional protections afforded criminal defendants, including the right to a trial by jury, we now hold that in order for a criminal defendant to waive his right to a jury trial, that waiver must be in writing with the consent of both

parties and filed with the district court. Consequently, State v. McCartney (1978), 179 Mont. 49, 585 P.2d 1321, and any other case that has held that a criminal defendant  may waive his right to a jury trial without written consent signed by both parties, is hereby overruled to that extent.

¶24  In the present case, the record affirmatively demonstrates that Dahlin did not file a written consent signed by both parties waiving his right to a jury trial pursuant to § 46-16-110(3), MCA.   Therefore, we hold that Dahlin's right to a jury trial was violated and conclude that the District Court erred in conducting a bench trial and convicting him.

¶25  Reversed.

/S/  JIM REGNIER

We Concur:

/S/  J. A.  TURNAGE
/S/  WILLIAM E. HUNT, SR.
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER