No. OP 06-0602

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 3

_____

| | | |
|---|---|---|
| STATE OF MONTANA EX REL. ROBERT J.<br>LONG, LAKE COUNTY ATTORNEY, | ) | |
| | ) | |
| Petitioner, | ) | O P I N I O N |
| | ) | AND |
| v. | ) | O R D E R |
| | ) | |
| JUSTICE COURT, LAKE COUNTY, | ) | |
| THE HONORABLE CHARLES WALL, Presiding, | ) | |
| | ) | |
| Respondent. | ) | |

_____

¶1 The State of Montana has filed an application for writ of supervisory control and a motion for stay of proceedings pending this Court's consideration of the application. The application seeks this Court's exercise of supervisory control in a matter pending before Respondent Lake County Justice Court, Honorable Charles Wall presiding, *State of Montana v. Kip Lloyd Courville*, Cause No. TK-06-245. On August 28, 2006, we entered an order granting Respondent Justice Court and/or Defendant Kip Lloyd Courville (Courville) twenty days in which to file a response to the application. Justice of the Peace Wall filed a response, which attached the order and rationale entered in the matter, but advised that he did not object to the application. Courville also submitted a response which opposes the application.

¶2 Courville was charged in Lake County Justice Court with speeding, driving or being in actual physical control of a vehicle while under the influence of alcohol, and

1

possession of an open alcohol beverage container.  Courville sought waiver of a jury trial and argued that only a defendant, and not the State, had the constitutional right to a jury trial and the corresponding ability to waive the right, despite the contrary provisions of § 46-17-201, MCA (2005), which provide as follows:

> **Juries in misdemeanor cases.**  (1) *The parties in a misdemeanor case are entitled to a jury* of six qualified persons but may agree to a number less than six at any time before the verdict.
> (2) *Upon consent of the parties, a trial by jury may be waived.* [Emphases added.]

Courville argued that the Justice Court should, to the extent necessary, declare this statute unconstitutional under the Montana Constitution.  The court essentially did so, granting Courville's requested waiver and setting the matter for bench trial over the objection of the State, and concluding that:

> It appears that the legislature's amendment of 46-17-201 was an effort to circumvent the *Nelson*[1] Court's holding and rationale.  However, although 46-17-201 now requires a waiver of jury trial by both parties, it still flies in the face of Article II, Section 24 of the Montana Constitution, and is therefore still unconstitutional.

The trial was then scheduled to commence on Wednesday, August 30, 2006, but was stayed pending further order of this Court upon the filing of the State's application herein.

¶3     As a preliminary matter, Courville argues that this matter is moot.  He notes that he was arrested on January 28, 2006, entered his plea of not guilty on January 30, 2006, and aside from a one month continuance he requested, all other continuances and

---

[1]*State ex rel. Nelson v. Mont. Ninth Jud. Dist. Court,* 262 Mont. 70, 863 P.2d 1027 (1993).

rescheduling have been due to the actions of the State and/or the Justice Court. Thus, as of August 28, 2006, when this Court issued its stay, the delays in the case totaled just two days short of six months from entry of his not guilty plea. As a result, Courville contends that after this Court lifts its stay, there is a "very serious probability" that the six-month mark will pass before trial can be held—with an increased likelihood if the trial must be by jury—thus requiring dismissal of the charges pursuant to § 46-13-401(2), MCA.[2] At that point, Courville notes, the issue of the right to waive jury trial in this case will be moot.

¶4      We recognize the probability that the six-month time period will pass before a trial can be conducted in this matter, and, if good cause is lacking, this matter may well be dismissed without a trial pursuant to statute. However, we nonetheless believe this issue will very likely arise in future proceedings, thereby presenting a justiciable controversy. *See Montana-Dak. Util. Co. v. City of Billings*, 2003 MT 332, ¶ 10, 318 Mont. 407, ¶ 10, 80 P.3d 1247, ¶ 10 (review undertaken by the Court of a then mooted issue, concluding that "we anticipate the question . . . will, in the absence of appellate review, arise again."). For that reason, we undertake review of the merits of the issue presented.

¶5      The State argues that the Justice Court erred as a matter of law in relying upon *State ex rel. Nelson v. Mont. Ninth Jud. Dist. Court*, 262 Mont. 70, 863 P.2d 1027 (1993),

_____

[2]**46-13-401. Dismissal at instance of court or prosecution.** . . . .

(2) After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

to disregard the statute requiring the consent of both parties and grant a waiver of jury trial over the State's objection. The State explains that in *Nelson* (*partially overruled on unrelated grounds by Plumb v. Fourth Jud. Dist. Court, Missoula County*, 279 Mont. 363, 927 P.2d 1011 (1996)), this Court analyzed the issue of whether the State had a right to waiver of jury trial in the absence of the statutory language of § 46-17-201, MCA, that now exists. The State notes that in *Nelson*, which addressed a similar jury trial statute, § 46-16-110(3), MCA (1991), this Court determined that a jury trial is constitutionally guaranteed in criminal cases unless waived in the manner provided by law. Although the Court concluded that the statute at issue allowed waiver upon the defendant's consent only, it nonetheless recognized that, under the Montana Constitution, the "Legislature is free to provide the procedure for waiver of trial by jury in criminal cases . . . ." *Nelson*, 262 Mont. at 82, 863 P.2d at 1034. Since *Nelson* was decided, the Legislature has amended the jury statutes, including the statute at issue here, § 46-17-201, MCA (2005), to require the consent of both parties for waiver. Further, the State offers that these revisions were recognized by the Court in *State v. Dahlin,* 1998 MT 113, 289 Mont. 182, 961 P.2d 1247, wherein this Court stated that "[u]nder § 46-16-110(3), MCA, both parties must consent and sign a written waiver before a defendant may waive his right to a jury trial." *Dahlin*, ¶ 20.

¶6     Courville argues that *Nelson* decisively held that the State has no right to prevent his waiver of a jury trial. He emphasizes this Court's review of the minutes of the 1972 Constitutional Convention in *Nelson*, and our conclusion therefrom that the framers "did

not intend to allow the State of Montana to exercise veto power over a defendant's option to waive trial by jury in criminal cases." *Nelson*, 262 Mont. at 82, 863 P.2d at 1034. Courville asserts that because no such veto is granted to the State by the Constitution, the right of waiver conferred upon the State by § 46-17-201(2), MCA (2005), is unconstitutional.

¶7     As we explained in *Nelson*, the 1972 Montana Constitution included two provisions relating to the right of trial by jury in criminal cases. *Nelson*, 262 Mont. at 75, 863 P.2d at 1030. Article II, Section 24, provides in relevant part that:

> In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by any impartial jury. . . .

Article II, Section 26, provides that:

> The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law. In all civil actions, two-thirds of the jury may render a verdict, and a verdict so rendered shall have the same force and effect as if all had concurred therein. In all criminal actions, the verdict shall be unanimous.

¶8     We are mindful that "[c]onstitutional provisions are interpreted by use of the same rules as those used to interpret statutes." *Kottel v. State*, 2002 MT 278, ¶ 9, 312 Mont. 387, ¶ 9, 60 P.3d 403, ¶ 9 (citing *Great Falls Tribune v. Public Schools,* 255 Mont. 125, 128-29, 841 P.2d 502, 504 (1992)). In interpreting the language or determining legislative intent, we consider canons of construction and maxims of law. *Kottel*, ¶ 9.

5

However, "whenever the language of a statute is plain, simple, direct, and unambiguous, it does not require construction, but it construes itself." *Cruse v. Fischl,* 55 Mont. 258, 265, 175 P. 878, 880 (1918). Thus, "[i]n interpreting a constitutional provision . . . [t]he intent of the framers should be determined from the plain meaning of the words used. If that is possible, no other means of interpretation are proper." *Finstad v. W.R. Grace & Co.,* 2000 MT 228, ¶ 16, 301 Mont. 240, ¶ 16, 8 P.3d 778, ¶ 16.

¶9    In *Nelson*, we entertained the State's claim that it had been constitutionally provided the right to waive a jury trial, and that § 46-16-110(3), MCA, as then written, impermissibly allowed waiver of a jury trial by a defendant's consent only, without the State's consent. *Nelson*, 262 Mont. at 79, 863 P.2d at 1033. In his argument, Courville emphasizes *Nelson*'s rejection of the State's argument:

> It is clear from the transcript of our 1972 Constitutional Convention that when Article II, Section 26, was proposed in a form that allowed waiver of jury trials in criminal felony cases, it was the intention of the framers of that provision that the option was intended for the benefit of defendants who might otherwise be denied speedy trials in rural areas of Montana. It does not appear that the framers contemplated that the State would have the right to object to a defendant's waiver of trial by jury. In fact, such authority by the State would have been inconsistent with the framers' stated objective.

*Nelson*, 262 Mont. at 80, 863 P.2d at 1033. Courville astutely offers this language from *Nelson* to argue that, contrary to the State's current claim, a waiver right was not provided to the State by the Montana Constitution, and the purported granting of such right by § 46-17-201(2), MCA, renders that statute unconstitutional. However, for the reasons discussed hereinafter, we conclude that the interpretation adopted by *Nelson* in its

6

attempt to "construe Article II, Section 26, of the Montana Constitution in a manner consistent with other provisions in the Montana Constitution," was flawed, in that it failed to adequately consider all of language set forth in that section.

¶10   In rejecting the State's argument that a right to waiver had been provided to it by Article II, Section 26, the *Nelson* Court first noted that Article II, Section 24, provided a right of jury trial to only a criminal defendant, and not the State:

> However, the interpretation advocated by the State would result in inconsistent provisions in Article II, Sections 24 and 26. Section 24 guarantees the right of trial by jury in all criminal prosecutions to the "accused." It provides no comparable right to the State. However, to adopt the State's interpretation of Section 26 would provide the State with a right to trial by jury in criminal cases, which is clearly absent from Section 24.

*Nelson*, 262 Mont. at 80-81, 863 P.2d at 1033.  The *Nelson* Court then rejected the assertion that Section 26's reference to the plural "parties" whose consent is required in order to waive a jury necessarily included the State in a criminal case, concluding that the consent of both parties is necessary for waiver of a jury only in civil cases, not criminal:

> In construction of Article II, Section 26, and in particular, its reference to waiver by the "parties," it must be kept in mind that Section 26 is also the provision in Montana's Constitution which guarantees the right of trial by jury in civil cases. To provide a right to waive a jury trial in that context, it was necessary to refer to the "parties" because to deny one or the other party in a civil matter an equal right to trial by jury would violate the constitutional right to equal protection provided for in Article II, Section 4, Montana Constitution (1972).

*Nelson*, 262 Mont. at 81, 863 P.2d at 1034.  It is this construction—that Section 26's reference to multiple "parties" only refers to civil litigants—which we now conclude was made in error.

7

¶11 When all of the language in Section 26 is considered, it is clear that the reference to "parties" has application in both civil and criminal contexts. The provision bears repeating:

> The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law. In all civil actions two-thirds of the jury may render a verdict, and a verdict so rendered shall have the same force and effect as if all had concurred therein. In all criminal actions, the verdict shall be unanimous.

Article II, Section 26.

¶12 We first note generally that, in the first sentence, the right to trial by jury is "secured to all." The third sentence references civil actions, and the fourth sentence references criminal actions. Clearly, this provision was designed by its structure and language to apply to both civil and criminal contexts.

¶13 Then, more specifically, Section 26 provides that, upon "consent of the parties," all cases may be tried without a jury, but further, that the "parties" may also consent to a case being tried "before fewer than the number of jurors provided by law." This is the constitutional authority for allowing litigants to try a case to fewer than the number of jurors the law provides. However, if, as *Nelson* held, the term "parties" does not include the State in a criminal case, the logical conclusion is that a criminal defendant, by his unilateral consent, could not only waive a jury, but could also choose the number of jurors before which he will be tried, even, theoretically, three, two or one. The State's

8

consent to such a waiver would not be necessary, because of *Nelson*'s construction of the term "parties" in Section 26, leading to a logically absurd conclusion.

¶14 Thus, in an effort to render an interpretation of Section 26 which would be consistent with Section 24, *Nelson* created inconsistencies within Section 26. Constitutional provisions "must be reasonably and logically interpreted, giving words their usual and ordinary meaning." *Matter of McCabe*, 168 Mont. 334, 339, 544 P.2d 825, 828 (1975). The interpretation also conflicts with the plain language of Section 26, which uses the plural "parties" and refers to both civil and criminal cases.

¶15 Accepting the provisions of the Montana Constitution for what they are, Article II, Section 24, is entitled "Rights of the accused," and delineates the various rights of the accused, including the right to trial by jury. None of these rights can be taken from a defendant without his or her consent, and this opinion does not do so. Notably, however, Section 24 does not guarantee to a defendant the right to trial *by judge*. While, as *Nelson* noted, Section 24 does not provide a corresponding trial right to the State, the State is not the focus of Section 24. These are the rights of an accused.

¶16 Section 26 is entitled "Trial by jury." It makes the jury trial right inviolate "to all" parties in all cases, civil and criminal. Section 26 thus enshrines the right to jury for all parties, including those not referenced in Section 24's provision for the accused. Section 26 also establishes the two-thirds requirement for civil verdicts and the unanimous requirement for criminal verdicts, and, critically here, provides the authority for waiving

9

a jury or trying a case to fewer jurors in all cases, civil and criminal. These provisions necessarily include the State of Montana as a party in a criminal case.

¶17    In summary, despite the focus of the framers' concern, correctly noted by Courville, upon the right of the defendant to a jury trial, the language adopted by the Constitutional Convention within Article II, Section 26, nonetheless clearly requires all parties to consent before "cases may be tried without a jury or before fewer than the number of jurors provided by law." We conclude that Article II, Section 26, of the Montana Constitution also requires the State's consent prior to the waiver of a jury trial.

¶18    We now must consider the additional, related language within Section 26 which provides that a jury may be waived by consent of the parties "expressed in such manner as the law may provide." In rejecting the State's claim that § 46-16-110(3), MCA, unconstitutionally eliminated its right to waive a jury trial, *Nelson* offered the following holding:

> We hold that Article II, Section 26, of the Montana Constitution (1972), provides that a jury trial is guaranteed in all criminal cases unless waived in the manner provided by law. The Legislature is free to provide the procedure for waiver of trial by jury in criminal cases, and has done so in § 46-16-110(3), MCA. That section does not require approval by the State of Montana, nor the district court, and does not violate the Montana Constitution.

*Nelson*, 262 Mont. at 82, 863 P.2d at 1034.

¶19    Unfortunately, the impression apparently taken from this language and the remainder of the *Nelson* opinion was that, although the right to waive a jury trial had not been affirmatively provided to the State by the Constitution, the Legislature nonetheless

10

had been constitutionally empowered to provide for waiver—including the authority to determine *which parties* were entitled to waive the jury right. Following the *Nelson* decision, the 1995 Legislature amended both § 46-16-110, MCA, the statute at issue in *Nelson*, and § 46-17-201, MCA, at issue herein, to allow waiver upon the "consent of the parties" instead of upon "consent of the defendant." Indeed, this Court implicitly approved of this authority in *State v. Dahlin*, 1998 MT 113, 289 Mont. 182, 961 P.2d 1247. In *Dahlin*, the defendant orally waived his right to jury trial, but did not provide a written waiver. This Court reversed Dahlin's convictions because, pursuant to the Legislature's revision to § 46-16-110(3), MCA, a *written* consent by both parties was required, and stated:

> Article II, Section 26, of the Montana Constitution provides that a jury trial is guaranteed in all criminal cases unless waived in the manner provided by law. We have held that under the language of Article II, Section 26, of the Montana Constitution, the Legislature is free to set forth the procedure for waiver of trial by jury in criminal cases. *See State ex rel. Nelson v. Ninth Judicial Dist. Court* (1993), 262 Mont. 70, 863 P.2d 1027. The Legislature has clearly done so by enacting § 46-16-110, MCA.

*Dahlin*, ¶ 18. The State thus argues that this Court has "recognized that where a legislature enacted provisions requiring consent by the State to a decision to waive a jury, there [is] support for the argument that the State has a right to a jury trial. In other words, the existence of such a statute changes the state of the law."

¶20 We disagree with the notion that the Legislature has been constitutionally delegated the authority to determine which parties have the right to jury trial, and waiver thereof, by virtue of Section 26's language allowing waiver "expressed in such manner as

11

the law may provide." First, as determined above, all parties have been granted the right of jury trial, and the right to mutually consent to waiver, by the constitution itself. This cannot be altered by legislative action. Section 26 states that "the consent of the parties" for waiver may be "expressed in such a manner as the law may provide." It is the *manner of expression* of the parties' consent to waiver which the Legislature may address. Thus, the Legislature is empowered to define the procedural aspects of waiver, and how it may be expressed, but is not granted the power to define who has the right to waive a jury. Consequently, although § 46-17-201, MCA (2005), now states that "[u]pon consent of the parties, a trial by jury may be waived," it is not this statute that provides a right of jury trial to the State. Rather, the Montana Constitution does.

¶21     In conclusion, the Justice Court erred by granting Courville's request for waiver of a jury trial over the State's objection. Pursuant to the authority discussed herein, both parties in a criminal case must consent to waiver of a jury trial. We further conclude that this case is appropriate for the exercise of supervisory control, an extraordinary remedy exercised when a court is proceeding under a mistake of law which, if uncorrected, would cause significant injustice and the remedy of appeal is inadequate. *Evans v. Montana Eleventh Jud. Dist. Court*, 2000 MT 38, ¶ 15, 298 Mont. 279, ¶ 15, 995 P.2d 455, ¶ 15. The appeal process in this matter would have provided an inadequate remedy for the State because, upon appeal, the State would have already lost its right to consent or object to waiver of a jury trial.

¶22 IT IS HEREBY ORDERED that the application of the State for a writ of supervisory control is hereby GRANTED. The Justice Court's order granting Defendant Courville's request for waiver of a jury trial over the State's objection is vacated, and this matter is remanded to the Justice Court for further proceedings consistent herewith.

¶23 The Clerk is directed to mail a true copy hereof to counsel of record for the respective parties.

DATED this 9th day of January, 2007.

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

13