# FILED

November 3 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0688

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 364

CITY OF MISSOULA,

        Plaintiff and Appellee,

  v.

DANNY LEE COX,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-48
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Richard R. Buley; Tipp & Buley; Missoula, Montana

        For Appellee:

        Hon. Mike McGrath, Montana Attorney General; Michael S. Wellenstein,
Assistant Attorney General; Helena, Montana

        Carrie Garber, Missoula Deputy City Attorney; Missoula, Montana

                Submitted on Briefs:  September 17, 2008

                Decided:  November 3, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Danny Lee Cox (Cox) appeals from the order of the Fourth Judicial District Court, affirming the Missoula Municipal Court Judgment finding Cox guilty of driving while under the influence of alcohol in violation of § 61-8-401, MCA, and of striking an unattended vehicle and failing to leave information at the scene as required by § 61-7-106, MCA.  We affirm.

## Factual and Procedural Background

¶2    Our opinion is based on the following uncontested facts.  Cox was charged with violation of the aforementioned statutes on August 23, 2005, in Missoula Municipal Court.  He entered a plea of not guilty.  A jury trial was set for August 30, 2006, and the court issued a corresponding Notice of Jury Confirmation Hearing, set for August 25, 2006.  The notice states, in pertinent part: "[d]efendant and counsel must appear.  Failure to appear by Defendant and counsel will be considered a waiver of jury."

¶3    Because Cox did not appear with his defense counsel at the hearing, the court concluded that he had waived his right to a jury trial, and issued a notice of a judge trial set for November 9, 2006.  The judge trial was twice continued on Cox's motion, and was finally re-set for January 12, 2007.  Two days before his scheduled trial, Cox filed an objection to the Municipal Court holding a non-jury trial.  Cox did not appear for his trial. After hearing argument on Cox's objection from defense counsel, the court overruled the objection, and proceeded with the judge trial in Cox's absence, finding him guilty of both charges.

¶4 Cox appealed his conviction to the Fourth Judicial District Court on the grounds that that he was denied his constitutional right to a jury trial in the Municipal Court. The District Court affirmed the Municipal Court conviction, concluding that pursuant to Article II, Section 26 of the Montana Constitution, Cox's failure to appear at the jury confirmation hearing resulted in a waiver of his right to a jury trial. This appeal followed.

## Standard of Review

¶5 We review de novo a district court's conclusions of law and interpretations of the Constitution. *State v. Mizenko*, 2006 MT 11, ¶ 8, 330 Mont. 299, ¶ 8, 127 P.3d 458, ¶ 8. Our review of questions involving constitutional law is plenary. *City of Billings v. Mouat*, 2008 MT 66, ¶ 9, 342 Mont. 79, ¶ 9, 180 P.3d 1121, ¶ 9.

## Issue

¶6 We restate the issue on appeal as follows: Did Cox effect a waiver of his right to a jury trial by failing to appear at the jury confirmation hearing when his appearance was explicitly required by the Municipal Court?

## Discussion

¶7 Cox's appeal is governed by interpretation of Article II, Section 26 of the Montana Constitution, entitled "Trial by jury." Section 26 provides: "[t]he right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury . . . ." Section 46-16-120, MCA, states that "[i]n all cases in which the defendant is charged with a misdemeanor offense, the defendant may appear by counsel

3

only, although the court may require the personal attendance of the defendant at any time."

¶8      Cox asserts that a defendant alone can waive his right to a jury trial, and that while the court may require a defendant's presence at any time, it cannot treat his non-appearance as a waiver of his right to a jury trial. The City argues that a plain language interpretation of Section 26 clearly provides that if a defendant fails to appear, then the case may be tried without a jury; and that § 46-16-120, MCA, allows the court to require the defendant to be present at any time during misdemeanor proceedings. We agree with the City that Section 26 is plain on its face, and that Cox waived his right to a jury trial by failing to appear at the jury confirmation hearing as required by the Municipal Court.

¶9      Our rules of constitutional interpretation provide the foundation for resolution of this question. "[C]onstitutional provisions are interpreted by use of the same rules as those used to interpret statutes." *State ex rel. Long v. Lake Co. Just. Ct.*, 2007 MT 3, ¶ 8, 335 Mont. 219, ¶ 8, 156 P.3d 5, ¶ 8. "[W]henever the language of a statute is plain, simple, direct and unambiguous, it does not require construction, but construes itself." *Long*, ¶ 8. "The intent of the framers should be determined from the plain meaning of the words used. If that is possible, no other means of interpretation are proper." *Woirhaye v. Montana Fourth Jud. Dist. Ct.*, 1998 MT 320, ¶ 15, 292 Mont. 185, ¶ 15, 972 P.2d 800, ¶ 15. The relevant provision of Article II, Section 26 bears repeating: ". . . *upon default of appearance* or by consent of the parties expressed in such manner as the law may provide, *all cases may be tried without a jury . . . .*" (Emphasis added).

¶10   The language of Section 26 is unambiguous and unqualified.  It clearly allows for trial without a jury upon the defendant's failure to appear, notwithstanding the defendant's lack of explicit agreement that his non-appearance results in a waiver.  Cox argues that the phrase "expressed in such a manner as the law may provide" is meant to qualify "default of appearance"; thus a default of appearance cannot occur except as provided by statute, and since the legislature has not provided for a default of appearance, the provision is essentially dormant.

¶11   Cox's argument is unpersuasive for several reasons.  First, our rules of construction require an interpretation which will give effect to each constitutional provision—our role is "[n]ot to insert what has been omitted or to omit what has been inserted."  Section 1-2-101, MCA.  Cox urges us to consider several earlier versions of our Constitution (as well as the Magna Carta of 1215) as evidence of the 1972 constitutional framers' intent that a defendant cannot waive his right to a jury trial by default of appearance.  However, such a means of interpretation is improper where, as here, the plain meaning of the words in a constitutional provision is evident.  A simple reading of Section 26 demonstrates that a default of appearance by a defendant may result in a non-jury trial.  Second, Section 26 plainly provides for two distinct circumstances in which trial without a jury is appropriate:  where a defendant fails to appear, and where the parties consent to trial without a jury expressed in such a manner as the law may provide.  These are two separate situations.  Logically, unlike the expression of consent of the parties to a non-jury trial, non-appearance is self-evident; there is no need for statutory implementation.  Third, Cox's suggestion that the legislature must specify the

means by which a default of appearance must be expressed in order to make the waiver effective is not supported by our case law. In *State v. Dahlin*, we confirmed that Section 26 permits the legislature to set forth the procedure for the waiver of trial by jury in criminal cases. 1998 MT 113, ¶ 18, 289 Mont. 182, ¶ 18, 961 P.2d 1247, ¶ 18. Conspicuously absent from our holding was the requirement that the legislature must do so in order to give the constitutional provision effect.

¶12 Cox next argues that the term "default" in Section 26 is limited in application to civil cases, and does not apply to criminal jury trials, therefore a criminal defendant cannot be subject to the "default of appearance" clause contained within Section 26. We have held, however, that Section 26 "was designed by its structure and language to apply [in] both civil and criminal contexts." *Long*, ¶ 12.

¶13 Finally, Cox argues that because § 46-16-120, MCA, does not provide that a court can waive a defendant's right to a jury trial as a penalty for failure to appear, under § 46-16-122(1), MCA, the only penalty the court can impose is to proceed with the jury trial *in absentia*. The City answers that the absence of a specific statute allowing for the manner in which a jury trial is waived is irrelevant, as Section 26 of the Constitution controls, and that § 46-16-122(1), MCA, does not apply to the instant case. Section 46-16-122(1), MCA, provides: "[i]n a misdemeanor case, if the defendant fails to appear in person, either at the time set for the trial or at any time during the course of the trial and if the defendant's counsel is authorized to act on the defendant's behalf, the court shall proceed with the trial unless good cause for continuance exists."

¶14 Under a plain language interpretation of the statute, the effect of § 46-16-122(1), MCA, is to provide courts with the authority to proceed *in absentia* upon the defendant's non-appearance, requiring that trial proceed unless the defendant's counsel can show good cause for not proceeding in the defendant's absence. The purpose of the statute is to treat a defendant's non-appearance at trial as a waiver of his constitutional right to be present. *See State v. McCarthy*, 2004 MT 312, ¶ 32, 324 Mont. 1, ¶ 32, 101 P.3d 288, ¶ 32. It does not prevent the court from proceeding with a judge trial instead of a jury trial. We agree with the City that the statute does not directly apply to the instant case. To the limited extent the logic of the statute is applicable, our jurisprudence applying § 46-16-122(1), MCA, does not support Cox's position. We have held that a criminal defendant who fails to appear waives his fundamental right to be present at trial. *McCarthy*, ¶ 32. The premise upon which our holding in *McCarthy* rests is consistent with our conclusion herein: that a criminal defendant similarly waives his right to a trial by jury by his failure to appear.

## Conclusion

¶14 We hold that Cox's failure to appear at the jury confirmation hearing after his personal presence was required pursuant to § 46-16-120, MCA, constituted a "default of appearance" within the meaning of Article II, Section 26. By failing to appear, Cox effected a waiver of his right to trial by jury, hence a judge trial was appropriate under our Constitution. We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

7

We concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE