DA 09-0095

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 373N

JOHN RONALD PRICE,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 08-48
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Daniel Donovan; Attorney at Law; Great Falls, Montana

        For Appellee:

        Hon. Steve Bullock, Montana Attorney General; John Paulson,
Assistant Attorney General; Helena, Montana

        Brett D. Linneweber; Park County Attorney; Livingston, Montana

Submitted on Briefs:  September 10, 2009

Decided:  November 3, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Price appeals the District Court's order dismissing his petition for postconviction relief. We affirm.

¶3 In the underlying case, the State charged Price with assault with a weapon for cutting the throat of William Yocom at Price's Livingston house one bibulous evening in April 2004. That evening, three people were in the house: Yocom, Price, and Frank Fouse, who was living at Price's house at that time and who had been previously acquainted with Yocom. Yocom did not see his assailant, but alleged that at one point in the evening while he was talking with Fouse, Price walked up behind him and cut his throat with a knife. Price said Fouse did it. In his interactions with medical personnel and police that evening, Yocom did not immediately identify who cut his throat. But after conferring with Fouse, Yocom fingered Price.

¶4 The District Court held a two-day jury trial, for which Kevin Brown was Price's appointed defender. Price's defense was that Fouse did it. In his opening statement, Brown stated that Fouse had a motive to attack Yocom because Fouse and Yocom had

2

engaged in aggressive wrestling the evening of the assault. Brown intended to have Mike Francell testify about Fouse's violent character. In anticipation of such testimony, the State presented testimony by Fouse, Fouse's ex-wife, and Fouse's ex-girlfriend, each of whom testified that Fouse was not violent when he drank. The next day, the District Court decided sua sponte to limit Francell's testimony to Fouse's behavior when he drinks. Brown then made an offer of proof that Francell would testify that Fouse had boasted about being a trained killer, had attacked Francell from behind, and had tended to act violently when drinking. In closing argument, Brown mentioned Fouse's violent character when he drinks and his behavior the night of the assault. Brown submitted no proposed jury instructions. After nine hours of deliberation, the jury convicted Price of assault with a weapon, and the District Court sentenced him to twenty years in prison without eligibility for parole.

¶5 In July 2007 Price petitioned for postconviction relief, alleging denial of his right to present a defense and ineffective assistance of counsel. Price eventually moved for summary judgment, which he supported with the affidavit of attorney William F. Hooks. In his affidavit, Hooks attested that Brown's performance had been deficient. The State opposed Price's motion. The District Court denied the motion for summary judgment and later dismissed Price's petition. Price timely appealed.

¶6 We review the findings of fact in a district court's denial of a petition for postconviction relief for clear error, and the conclusions of law for correctness. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We review ineffective

3

assistance of counsel claims de novo. *Whitlow*, ¶ 9. Our review of issues involving constitutional law is plenary. *City of Missoula v. Cox*, 2008 MT 364, ¶ 5, 346 Mont. 422, 196 P.3d 452.

¶7 On appeal, Price presents three arguments. First, the District Court in the original case denied Price his constitutional right to present a complete defense by sua sponte excluding the testimony of Francell about Fouse's character. Second, Brown was ineffective because he submitted no jury instructions on third-party guilt or Price's failure to testify, and failed to challenge the constitutionality of the District Court's exclusion of Francell's testimony. Third, the District Court erred by denying Price's motion for summary judgment, which he supported with unrebutted testimony.

¶8 We do not find Price's arguments convincing. Price's first argument challenging the constitutionality of the exclusion of character evidence about Fouse could reasonably have been raised on direct appeal. Consequently, it may not be raised in his petition for postconviction relief. Section 46-21-105(2), MCA. The procedural bar aside, a district court's exclusion, under Rule 404(b), M. R. Evid., of character evidence offered to support a propensity inference does not violate a criminal defendant's right to present a complete defense. *See State v. Giddings*, 2009 MT 61, ¶¶ 86, 90, 93, 349 Mont. 347, 208 P.3d 363.

¶9 Price's second argument also lacks merit. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must prove (1) that his counsel's performance was objectively deficient and (2) that he suffered resulting prejudice. *Whitlow v. State*,

4

2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. If a defendant does not make a sufficient showing regarding one element of the test, then it is unnecessary to address the other element. *Whitlow*, ¶ 11. Here, Price has presented no evidence that he was prejudiced by his counsel's performance. Brown's failure to request an instruction on third-party guilt did not prevent him from presenting his theory to the jury in his opening and closing arguments and in his examination of witnesses. Moreover, the District Court instructed the jury on the State's general burden of proof. Further, Brown's not requesting a jury instruction on Price's failure to testify may have been a tactical decision to not draw the jury's attention to his constitutionally protected silence. Finally, given that we find Price's constitutional arguments unpersuasive, we cannot find that Brown's failure to raise them on direct appeal was prejudicial.

¶10 Price's third argument is also without merit. Given the preceding conclusions, it follows that Price was not entitled to summary judgment as a matter of law. As regards Hooks's affidavit, the District Court, as the trier of fact, was not bound by expert testimony in resolving Price's ineffective assistance of counsel claim. *Bone v. State*, 284 Mont. 293, 305, 944 P.2d 734, 741 (1997), *overruled on other grounds*, *Whitlow*, ¶¶ 18 n. 4, 20.

¶11 We have decided to determine this case pursuant to Section I, Paragraph 3(d)(i) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in its disposition of this matter.

¶12    We therefore affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON