No. DA 06-0078

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 313

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

RONALD ALLEN CLARK,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-05-229,
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Andrew J. Breuner, Attorney at Law, Gallatin Gateway, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

            Marty Lambert, County Attorney; Matthew B. Lowy,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  November 14, 2006

Decided:  December 5, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Defendant Ronald Clark appeals the District Court's dismissal of his appeal from justice court for failure to personally appear. We reverse and remand for a trial *de novo* on the merits.

¶2      We restate the issue as follows:

¶3      Does § 46-17-311(5), MCA, permit a district court to dismiss an appeal for failure to appear if the defendant's counsel is present and ready to proceed on a misdemeanor charge?

## BACKGROUND

¶4      On January 27, 2004, Clark was charged with the offense of issuing a bad check in violation of § 45-6-316(1), MCA. A jury trial was held in the Justice Court of Gallatin County on August 25, 2005. Clark was found guilty. Clark then filed a timely notice of appeal to the Eighteenth Judicial District Court of Gallatin County.

¶5      A jury trial *de novo* was set by the District Court for December 20, 2005. Clark failed to personally appear, but his counsel was present and expressed his readiness to proceed. The District Court dismissed Clark's appeal and reinstated the Justice Court's judgment.

¶6      The District Court concluded it had authority to dismiss the appeal under § 46-17-311(5), MCA, because Clark had failed to personally appear. The court also reasoned that the circumstances, such as the nature of the appeal, the impending Christmas holiday, and the fact that Clark had "already been given his right to a trial in Justice Court," along

with the fact that Clark's counsel failed, in the court's view, to present sufficient good cause for Clark's absence, warranted dismissal of Clark's appeal.

## STANDARD OF REVIEW

¶7    A district court's interpretation and application of statute is reviewed for correctness. *In re T.H.*, 2005 MT 237, ¶ 35, 328 Mont. 428, ¶ 35, 121 P.3d 541, ¶ 35 (citations omitted).

## DISCUSSION

¶8    **Does § 46-17-311(5), MCA, permit a district court to dismiss an appeal for failure to appear if the defendant's counsel is present and ready to proceed on a misdemeanor charge?**

¶9    Section 46-17-311(5), MCA, simply says that if the defendant does not appear, then the judge may dismiss the appeal:

> If, on appeal to the district court, the defendant fails to appear for a scheduled court date or meet a court deadline, the court may, except for good cause shown, dismiss the appeal on the court's own initiative or on motion by the prosecution and the right to a jury trial is considered waived by the defendant. Upon dismissal, the appealed judgment is reinstated and becomes the operative judgment.

The section does not specifically define "appear," nor is "appear" defined elsewhere in Chapter 17. However, "appear" is defined, in the context of a misdemeanor charge, at § 46-16-120, MCA: "In *all cases* in which the defendant is charged with a misdemeanor offense, the defendant *may appear by counsel only*, although the court may require the personal attendance of the defendant at any time" (emphasis added). Also, § 46-16-122, MCA, expressly provides for a trial in absentia if the defendant fails to appear personally

3

in a misdemeanor case and counsel is authorized to act on the defendant's behalf. In fact, § 46-16-122, MCA, requires the court to proceed with the trial "unless good cause for continuance exists."

¶10 Section 46-16-120, MCA, necessarily applies to § 46-17-311(5), MCA, in the context of a misdemeanor charge, because § 46-16-120, MCA, applies to "all [misdemeanor] cases." A defendant, therefore, only "fails to appear" under § 46-17-311(5), MCA, if both the defendant and defendant's counsel fail to appear, unless the court had previously informed the defendant that his personal attendance was required. We see no reason why the statute that allows a defendant to appear through counsel only at the justice court trial should not also apply in the district court trial *de novo*.

¶11 The State, however, disagrees with the above statutory layout, and claims that "fails to appear" under § 46-17-311(5), MCA, translates to fails to appear *personally*. The State claims that § 46-17-311(5), MCA, is a more specific statute than § 46-16-122, MCA, because it expressly applies to appeals from justice court, and, as the more specific statute, it should control. However, the State fails to provide authority for its underlying proposition that "fails to appear," as used in § 46-17-311(5), MCA, refers to the defendant's personal appearance. The District Court, nonetheless, agreed with the State, and concluded that because the specific language found in § 46-16-122, MCA, providing for trial in absentia at the justice court level, is missing from § 46-17-311(5), MCA, "fails to appear," must be read to mean "fails to personally appear."

¶12 While we agree that Chapter 17 of Title 46 governs criminal procedure in justice and city courts, including appeals from justice court (*see State v. Tweedy*, 277 Mont. 313,

4

317, 922 P.2d 1134, 1136 (1996)), we disagree that "fails to appear," as used in § 46-17-311(5), MCA, refers to the defendant's personal appearance. As explained above, § 46-16-120, MCA, applies to all misdemeanor cases without qualification. Its definition of "appear," which includes appearance by counsel, thus applies to § 46-17-311(5), MCA, unless a "provision for a different procedure is specifically provided by law." Section 46-1-103(1), MCA. As no different, specific definition of appear is provided in § 46-17-311(5), MCA, or anywhere else in Chapter 17, the definition provided in § 46-16-120, MCA, controls. Thus, since Clark's counsel was present and ready to proceed and the court had not previously required Clark's personal attendance, the court did not have the authority, under § 46-17-311(5), MCA, to dismiss Clark's appeal and reinstate the judgment of the Justice Court.

¶13     Consequently, we reverse and remand for a trial *de novo* in District Court.


                                        /S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

5