
DA 11-0641

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 99

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

TRENT NATHANIEL TRIER,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 11-0305
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney; Mary Leffers Barry, Deputy
County Attorney, Billings, Montana

Submitted on Briefs: April 4, 2012
Decided: May 4, 2012

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Trent Nathaniel Trier (Trier) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, affirming the Yellowstone County Justice Court Judgment finding Trier guilty of operating a motor vehicle with an alcohol concentration of 0.08% BAC or greater in violation of § 61-8-406(1)(a), MCA. We affirm.

## BACKGROUND

¶2 On May 12, 2010, Trier was charged in Yellowstone County with driving under the influence and failing to carry proof of insurance. The Justice Court scheduled an omnibus hearing for September 9, 2010, and a trial without a jury for November 4, 2010. The Justice Court order explained that upon demand of a jury trial, the final pretrial conference would occur on November 1, 2010, and required the physical appearance of Trier and his counsel. Further, it stated: "That default in appearance as ordered effects a waiver of the defendant's right to a jury trial." On June 8, 2010, Trier filed a demand for a jury trial. On November 8, 2010, the Justice Court granted the State's motion to amend the complaint to add the alternative charge of operating a motor vehicle with an alcohol concentration of 0.08% BAC or greater in violation of § 61-8-406(1)(a), MCA.

¶3 Over the next seven months, Trier made four motions to continue the trial and in each motion requested that the court schedule the final pretrial conference on the same day as the trial to accommodate Trier who was a student at the University in Missoula. The Justice Court granted each motion to continue, but denied Trier's requests to hold the final pretrial conference and trial on the same day. In each order, the Justice Court explicitly stated that

2

the physical attendance of Trier and his attorney was mandatory, and that a default in appearance as ordered effects a waiver of Trier's right to a jury trial.

¶4 After the first three continuances, the final pretrial conference was scheduled for March 14, 2011, and the final jury trial was scheduled for March 18, 2011. In its fourth order granting Trier's request for a continuance, the Justice Court advanced Trier's final pretrial conference from March 14, 2011, to February 28, 2011, and his jury trial from March 18, 2011, to March 4, 2011. This final order was mailed to both Trier and his counsel.

¶5 Both Trier and his counsel failed to appear at the final pretrial conference on February 28, 2011. Trier and his counsel failed to appear because his counsel inadvertently miscalendared the pretrial conference date. As a result of Trier's and his counsel's failure to appear, the Justice Court set the matter for a non-jury trial.

¶6 On February 28, 2011, Trier made another motion to continue the trial or reset the matter for a jury trial. The State objected to the request that the trial be reset as a jury trial. The court rescheduled the trial for April 7, 2011, but denied Trier's request that the trial be reset as a jury trial because neither Trier nor his counsel appeared for the final pretrial conference.

¶7 A non-jury trial was held on April 7, 2011, and the Justice Court found Trier guilty of operating a motor vehicle with an alcohol concentration of 0.08% BAC or greater and dismissed the remaining charges. Trier filed a notice of appeal with the District Court. The appeal was limited to questions of law. After reviewing both parties' briefs, the District

3

Court held that the Justice Court did not abuse its discretion. It is from this holding that Trier timely appeals.

¶8     We restate the issue on appeal as follows:

¶9     *Did the Justice Court err when it concluded Trier had waived his right to a jury trial by failing to appear for a final pretrial conference?*

## STANDARD OF REVIEW

¶10     We review de novo a district court's conclusions of law and interpretations of the Constitution. *City of Missoula v. Cox*, 2008 MT 364, ¶ 5, 346 Mont. 422, 196 P.3d 452 (citing *State v. Mizenko*, 2006 MT 11, ¶ 8, 330 Mont. 299, 127 P.3d 458). Our review of questions involving constitutional law is plenary. *Cox*, ¶ 5 (citing *City of Billings v. Mouat*, 2008 MT 66, ¶ 9, 342 Mont. 79, 180 P.3d 1121).

## DISCUSSION

¶11     Trier's appeal is governed by our interpretation of Article II, Section 26 of the Montana Constitution, which provides: "The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury. . . ."

¶12     Trier asserts that it is fundamentally unfair and an abuse of discretion to deny his right to a jury trial for failing to appear because his counsel made a docketing error when there is no prejudice to the State. The State argues that Article II, Section 26 of the Montana Constitution and this Court's holding in *Cox* demonstrate that the Justice Court did not abuse its discretion when it refused to excuse Trier's non-appearance.

4

¶13    In *Cox*, the Missoula Municipal Court set a jury trial and issued a Notice of Jury Confirmation Hearing.  The notice stated in pertinent part:  "[d]efendant and counsel must appear.  Failure to appear by Defendant and counsel will be considered a waiver of jury." *Cox*, ¶ 2.  Cox did not appear with his defense counsel at the hearing, and the court concluded that he had waived his right to a jury trial.  *Cox*, ¶ 3.  In upholding the Municipal Court's ruling, this Court concluded:

> The language of Section 26 is unambiguous and unqualified. It clearly allows for trial without a jury upon the defendant's failure to appear, notwithstanding the defendant's lack of explicit agreement that his non-appearance results in a waiver.

*Cox*, ¶ 10.

¶14    Trier argues this Court's holding in *Cox* is unpersuasive and we should instead look to *Woirhaye v. Mont. Fourth Jud. Dist. Ct.*, 1998 MT 320, 292 Mont. 185, 972 P.2d 800.  At issue in *Woirhaye* was whether § 46-17-201(3), MCA (1997), infringed upon the rights guaranteed under Article II, Sections 24 and 26 of the Montana Constitution, by allowing a misdemeanor criminal defendant to exercise his right to a jury trial only once, in either justice court or in district court on trial de novo.  *Woirhaye*, ¶ 6.  This Court noted that the statute was, in effect, a forced waiver of the right to a jury trial at either the justice court level or at the district court level and held that § 46-17-201(3), MCA (1997), was unconstitutional. *Woirhaye*, ¶ 22.

¶15    This holding, however, is distinguishable from Trier's appeal because, unlike in *Woirhaye*, Trier's waiver was not forced upon him.  Trier's waiver resulted from his failure

5

to appear for his final pretrial conference – due to his counsel's scheduling error –despite multiple orders from the Justice Court mandating his appearance and warning him that failure to be present would result in a waiver of his right to a jury trial. Accordingly, we agree with the District Court's conclusion that Trier's failure to appear at the final pretrial conference effected a waiver of his right to a jury trial.

## CONCLUSION

¶16     For the reasons stated above, we affirm the District Court's conclusion that the Justice Court correctly found Trier's non-appearance for a mandatory pretrial conference to be a waiver of his jury trial, and thereby properly dismissed Trier's appeal.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JAMES C. NELSON

Justice James C. Nelson, concurring.

¶17     I concur in the Court's Opinion. Trier and his counsel were the authors of their own misfortune.

¶18     This sort of thing does not have to happen, however. In *State v. Couture*, 2010 MT 201, 357 Mont. 398, 240 P.3d 987, a speedy trial case, this Court criticized case-management practices that allow cases to "drag on endlessly from continuance to continuance." *Couture,* ¶ 99. As this case demonstrates, seriatim continuances are fertile ground for mischief,

6

mistake, and negligence. Witnesses cannot be located, documents are lost, files are destroyed, evidence becomes stale, counsel accidently erases the trial date from his calendar, and the parties and attorneys do not show up in court. "My dog ate the homework" catastrophes are endless—but avoidable. The bottom line is that the trial judge is "the captain of the ship." *Couture*, ¶ 78. And the captain should not allow endless "continuance practice" on the part of attorneys and litigants who seem to believe that if they are able to delay the trial of a case long enough, it will disappear into some sort of black hole. While I fault Trier and his attorney for what happened here, I am also of the mind that, had the trial judge been less accommodating, Trier might have received a prompt trial by a jury of his peers.

¶19    I concur.


/S/ JAMES C. NELSON

7