

DA 13-0295

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 58

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

ANDREA D. ZIOLKOWSKI,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 13-12
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Andrea D. Ziolkowski, Self-Represented, Hamilton, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

                Mitchell A. Young, Lake County Attorney, Cory Allen, Deputy Lake
County Attorney, Polson, Montana

                        Submitted on Briefs:  January 22, 2014
                                Decided:  March 4, 2014

Filed:

                                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Andrea D. Ziolkowski was convicted of four misdemeanor offenses in Lake County Justice Court. She appealed to the Twentieth Judicial District Court, which dismissed the appeal when Ziolkowski failed to appear for a scheduled court date. Ziolkowski now appeals to this Court. We affirm.

¶2 The sole issue on appeal is whether the District Court abused its discretion in dismissing Ziolkowski's appeal from the Justice Court.

## BACKGROUND

¶3 Ziolkowski was charged on October 1, 2011, with obstructing a peace officer, in violation of § 45-7-302, MCA; resisting arrest, in violation of § 45-7-301, MCA; failing to carry motor vehicle liability insurance, in violation of § 61-6-301, MCA; and speeding, in violation of § 61-8-309, MCA. At her initial appearance in Justice Court, Ziolkowski indicated that she would not proceed without counsel. The Justice Court, therefore, rescheduled the initial appearance and appointed the Office of the State Public Defender (OPD) to represent Ziolkowski.

¶4 Ziolkowski's initial appearance and arraignment were delayed multiple times from October 31, 2011, to April 18, 2012. Several of the continuances were prompted by Ziolkowski. In the meantime, OPD filed a motion to rescind the appointment of counsel because Ziolkowski had not complied with the eligibility criteria set forth in § 47-1-111, MCA. The Justice Court conducted a hearing and then granted the motion on March 27, 2012.

2

¶5     At her initial appearance and arraignment on April 18, 2012, Ziolkowski declined to enter a plea until she could speak with counsel. The Justice Court thus entered pleas of not guilty and set an omnibus hearing for June 4. The omnibus hearing was continued, on Ziolkowski's motion, to September 10. Ziolkowski appeared at the omnibus hearing and represented herself. The Justice Court set a jury trial for December 6 and ordered Ziolkowski's personal appearance. The trial was continued to December 28.

¶6     During this period, Ziolkowski filed a variety of documents in the Justice Court, including a motion demanding that the court "read all pleadings defendant files with this court," a motion to dismiss for lack of jurisdiction on the ground that "the United States is now only a corporation," a motion demanding "to know the nature and cause of the accusations/charges," and a list of potential defense witnesses that included the Montana Attorney General, a Montana Supreme Court Justice, the director of the William J. Jameson Law Library in Missoula, and the director of the State Law Library in Helena. In early December, Ziolkowski filed a motion to continue or dismiss on the ground that she was not schooled in the law and needed time to formulate a defense. The Justice Court addressed Ziolkowski's various filings but refused to delay the trial beyond December 28, noting that she had been given "ample opportunity" to prepare her defense.

¶7     Late in the day on December 27, 2012, Ziolkowski made a request, by telephone, that the jury trial be vacated or continued because she remained without counsel and did not have a reliable vehicle to travel to the courthouse. The Justice of the Peace explained to Ziolkowski that while a person has the right to counsel, a person does not have the right to have counsel appointed if, as here, she has not satisfied the eligibility criteria.

The judge rejected Ziolkowski's request for a continuance, noting again that she had been given ample time to prepare and that her request was untimely. The judge informed Ziolkowski that if she failed to appear, the trial would take place without her.

¶8 The case proceeded to trial on December 28, 2012. Ziolkowski did not appear, and thus the trial was held in absentia pursuant to § 46-16-122(2)(d), MCA, which states that if the defendant fails to appear in person at the time set for trial in a misdemeanor case, and if the defendant is not represented by counsel, the court may proceed with the trial after finding that the defendant had knowledge of the trial date and is voluntarily absent. The jury returned a verdict of guilty on all four counts. The Justice Court imposed fines and jail time. All but one day of the jail time was suspended.

¶9 Ziolkowski appealed to the District Court for a trial de novo. *See* §§ 25-33-301, 46-17-311, MCA. At a hearing held February 14, 2013, the District Court inquired whether Ziolkowski had counsel. After being advised that Ziolkowski previously had been denied appointed counsel for failure to comply with the eligibility criteria, the District Court directed Ziolkowski (who was present at the hearing) to reapply with OPD. The court further stated that, if she were again denied counsel, the court would hold an indigence hearing. The court set the case for "an omnibus hearing or indigence hearing" on February 28 at 9:00 a.m. and directed Ziolkowski to appear at that hearing. On February 25, Ziolkowski filed a "Motion: Request for Unfettered Assistance of Counsel" and an "Affidavit for Non Corporate Status."

¶10 Ziolkowski did not appear at 9:00 a.m. for the February 28, 2013 hearing. An attorney from OPD, Steven N. Eschenbacher, did appear and advised the District Court

4

that Ziolkowski still had not provided the information required to determine her eligibility for appointed counsel. The District Court moved Ziolkowski's case to the end of the court's calendar that morning to see whether she would show up; however, by 10:10 a.m., Ziolkowski still was not present. The State moved to dismiss the case with prejudice, and the District Court granted that motion pursuant to § 46-17-311(5), MCA, which provides:

> If, on appeal to the district court, the defendant fails to appear for a scheduled court date or meet a court deadline, the court may, except for good cause shown, dismiss the appeal on the court's own initiative or on motion by the prosecution and the right to a jury trial is considered waived by the defendant. Upon dismissal, the appealed judgment is reinstated and becomes the operative judgment.

Ziolkowski now appeals to this Court.

## STANDARD OF REVIEW

¶11 Although Ziolkowski raises several issues in her briefs on appeal, the sole question properly before this Court is whether dismissal of her appeal from the Justice Court was permissible under § 46-17-311(5), MCA. This statute grants a district court discretion to dismiss an appeal under the circumstances specified in the statute. An abuse of discretion occurs when a court acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *State v. Belanus*, 2010 MT 204, ¶ 15, 357 Mont. 463, 240 P.3d 1021 (citing *State v. Derbyshire*, 2009 MT 27, ¶ 19, 349 Mont. 114, 201 P.3d 811). A court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *City of Missoula v. Girard*, 2013 MT 168, ¶ 10,

5

370 Mont. 443, 303 P.3d 1283 (citing *Wohl v. City of Missoula*, 2013 MT 46, ¶¶ 28, 57, 369 Mont. 108, 300 P.3d 1119).

## DISCUSSION

¶12 ***Whether the District Court abused its discretion in dismissing Ziolkowski's appeal from the Justice Court.***

¶13 Under § 46-17-311(5), MCA, if the defendant "fails to appear" for a scheduled court date, the district court may, "except for good cause shown," dismiss the appeal. The first question in applying this statute is whether Ziolkowski "failed to appear" for a scheduled court date. A defendant "fails to appear" only if both she and her counsel (if she has counsel) fail to appear, unless the court has previously informed the defendant that her personal attendance is required. *State v. Clark*, 2006 MT 313, ¶ 10, 335 Mont. 39, 149 P.3d 551; *State v. Hass*, 2011 MT 296, ¶ 19, 363 Mont. 8, 265 P.3d 1221. Here, Ziolkowski did not appear personally at the February 28 hearing. She also did not appear "through counsel" at that hearing. *See Clark*, ¶¶ 5, 10; *Haas*, ¶ 19. She had requested counsel at the February 14 hearing, and the District Court had directed her to reapply with OPD; however, Eschenbacher advised the court on February 28 that Ziolkowski's application was "deficient in certain areas." Moreover, three days before the February 28 hearing, Ziolkowski filed a motion, on her own behalf, again requesting counsel. And in her opening brief on appeal, she expressly rejects the notion that Eschenbacher appeared on her behalf. Finally, even if it could be argued that Eschenbacher appeared for Ziolkowski, the District Court stated on the record at the February 28 hearing that "[Ziolkowski] was required to be present by this Court with regard to the hearing on the

6

omnibus hearing or the indigency hearing today's date at nine a.m." Ziolkowski concedes in her opening brief that she "needed to be in the court for an omnibus hearing on February 28."

¶14 Accordingly, given Ziolkowski's failure to appear, the second question is whether there was "good cause" precluding the District Court from dismissing her appeal. Good cause is generally defined as a "legally sufficient reason" and is referred to as the burden placed on a litigant, usually by court rule or order, to show why a request should be granted or an action excused. *State v. Luke*, 2014 MT 22, ¶ 15, 373 Mont. 398, ___ P.3d ___ (internal quotation marks omitted) (citing *City of Helena v. Roan*, 2010 MT 29, ¶ 13, 355 Mont. 172, 226 P.3d 601). We conclude that no such showing was made here. In her opening brief on appeal, Ziolkowski explains that "[o]n February 28, 2013, it being a 3-hour drive from Corvallis, Montana to Polson, Montana, being without assistance of counsel that I requested, having received no answer from the OPD, I was not about to subject myself to the horrors of the court after my last experience in the lower court." It appears, therefore, that Ziolkowski simply chose deliberately not to attend the hearing—a hearing that the District Court had scheduled specifically for the purpose of addressing Ziolkowski's request for counsel. Thus, there being no good cause precluding dismissal of her appeal, we hold that the District Court did not abuse its discretion.

¶15 Affirmed.

/S/ LAURIE McKINNON

7

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE