FILED

04/17/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0705

DA 16-0705

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2018 MT 92

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

DEREK GENE SHERLOCK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC-2016-220
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

         Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

         Leo J. Gallagher, Lewis and Clark County Attorney, Fallon Stanton, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  January 24, 2018

Decided:  April 17, 2018

Filed:

                              Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Derek Gene Sherlock (Sherlock) appeals from an order of the First Judicial District Court, Lewis and Clark County, affirming the Lewis and Clark County Justice Court's judgment finding Sherlock guilty of driving while under the influence of alcohol and obstructing a peace officer. We affirm.

¶2 We restate the issue on appeal as:

*Did the Justice Court err in concluding that the defendant waived his right to a jury trial when he failed to appear at his jury confirmation hearing?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 The State charged Sherlock in Justice Court for driving while under the influence of alcohol and obstructing a peace officer. Sherlock, represented by private counsel, pleaded not guilty and requested a jury trial. The court sent Sherlock a notice listing the dates of his jury confirmation hearing and trial. Regarding the jury confirmation hearing, the notice stated, "**The defendant, defendant's attorney and the prosecutor for the State are required to be personally present. Failure of the defendant to appear will waive the defendant's right to a jury trial.**" The notice further specified, "**YOUR PERSONAL PRESENCE IS REQUIRED.**" The Justice Court held, and Sherlock attended, a jury confirmation hearing on September 28, 2015. In October, the Justice Court held Sherlock's jury trial and it ended in a mistrial.

¶4 The Justice Court subsequently scheduled a new trial for November 2015. In the notice setting a new trial, the court noted that the jury confirmation hearing had already occurred on September 28, 2015. About a month before trial, Sherlock's counsel moved

2

to withdraw as counsel of record and also moved to continue Sherlock's trial. The Justice Court granted counsel's motions, approving counsel's withdrawal and rescheduling Sherlock's trial for February 2016. In its order resetting the trial date, the Justice Court also scheduled a jury confirmation hearing for February 1, 2016. The court sent a copy of the order, dated November 5, 2015, to Sherlock's recently-withdrawn counsel, but not to Sherlock. Even though he did not receive a copy of the order directly from the court, Sherlock obtained a copy of the order.

¶5     Sherlock failed to appear for his jury confirmation hearing on February 1, 2016. On February 2, 2016, the Justice Court issued a notice scheduling a bench trial for March. One day later, on February 3, 2016, Sherlock filed a pro se motion to reset his jury confirmation hearing. In his motion, Sherlock stated that he misread the November 5th Order resetting the trial date. He believed the case was already set for a jury trial and only calendared the trial date. Sherlock apologized for his error, recognized that "ignorance is no excuse," and requested the court reset his jury confirmation hearing. In his motion, Sherlock reported that he had to save funds to secure new representation after his former counsel withdrew. Sherlock also stated that he contacted multiple attorneys and recently found someone able to represent him. The State opposed Sherlock's request, emphasizing the fact that Sherlock had actual notice of the hearing date and arguing that Sherlock's failure to appear at the hearing was not excused by good cause.

¶6     The Justice Court agreed with the State and denied Sherlock's motion to reset his jury confirmation hearing. The court conducted a bench trial and found Sherlock guilty of

3

driving while under the influence of alcohol and obstructing a peace officer. Sherlock appealed the Justice Court's order denying Sherlock's motion to reset his jury confirmation hearing to District Court. The District Court affirmed the Justice Court's decision after considering the parties' briefing. Sherlock now appeals the Justice Court's denial of his motion to reset his jury confirmation hearing to this Court.

## STANDARD OF REVIEW

¶7 Sherlock appealed the Justice Court's decision to the District Court, where the District Court functioned as an intermediate appellate court. *See City of Missoula v. Girard*, 2013 MT 168, ¶ 9, 370 Mont. 443, 303 P.3d 1283 (citing §§ 3-5-303 and 3-6-110, MCA). On appeal to this Court, we review the case anew, applying the appropriate standard of review to our own examination of the record. *Girard*, ¶ 9. We review a lower court's conclusions of law and interpretations of the Constitution de novo. *Girard*, ¶ 10 (citing *State v. Trier*, 2012 MT 99, ¶ 10, 365 Mont. 46, 277 P.3d 1230, and *City of Missoula v. Cox*, 2008 MT 364, ¶ 5, 346 Mont. 422, 196 P.3d 452). Further, our review of questions involving constitutional law is plenary. *Girard*, ¶ 10; *Trier*, ¶ 10.

## DISCUSSION

¶8 Article II, Section 26 of the Montana Constitution provides the right to a jury trial: "The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury . . . ." The Constitution's plain language clearly provides that a defendant's "default of appearance" may result in a nonjury trial. *See Cox*,

¶¶ 9-10. Further, § 46-16-120, MCA, provides, "In all cases in which the defendant is charged with a misdemeanor offense, the defendant may appear by counsel only, although the court may require the personal attendance of the defendant at any time."

¶9 Accordingly, if the court requires a defendant's personal presence at a pretrial hearing and the defendant fails to appear, such nonappearance may result in a waiver of the right to a jury trial. *See, e.g.*, *Cox*, ¶ 15 (holding that the defendant waived his right to a jury trial because his failure to appear at the jury confirmation hearing after the court required his personal presence constituted a "default of appearance" under Article II, Section 26 of the Montana Constitution). A defendant's nonappearance does not, however, constitute an automatic waiver of the right to a jury trial. *Girard*, ¶¶ 14, 16, 18-19 (emphasizing that "under Article II, Section 26, a trial court *may* deem a defendant's right of trial by jury waived due to nonappearance at a designated hearing"). The court must take the particular circumstances of each situation into account and determine whether, in that case, the defendant's nonappearance constituted waiver of his right to a jury trial. *Girard*, ¶ 14.

¶10 In many cases, a defendant's failure to attend a mandatory pretrial hearing establishes a waiver of the right to a jury trial. For example, in *State v. Trier*, defendant Trent Trier requested a jury trial and the court scheduled a final pretrial conference and trial. In its order, the court required Trier's physical appearance at the final pretrial conference, stating that failure to appear "as ordered effects a waiver of the defendant's right to a jury trial." *Trier*, ¶ 2. Trier moved for a continuance four times to accommodate

5

his college schedule, and in each motion requested that the court schedule the final pretrial conference on the same day as the trial. *Trier*, ¶ 3. The justice court granted each motion to continue, but each time denied Trier's request to hold the final pretrial conference and trial on the same day, stating that Trier's physical attendance was mandatory and that failure to appear would constitute a waiver of the right to a jury trial. *Trier*, ¶ 3. Trier failed to appear at his final pretrial conference because his counsel inadvertently miscalendared the date and the justice court subsequently scheduled a bench trial. *Trier*, ¶ 5. Trier asked the court to reset the matter for a jury trial, but the court denied his request based on Trier's failure to appear for the final pretrial conference. *Trier*, ¶ 6. The court found Trier guilty at a bench trial. *Trier*, ¶ 7. On appeal, we affirmed the justice court's decision to not reschedule Trier's jury trial, finding that Trier waived his right to a jury trial when he failed to appear for his final pretrial conference due to his counsel's scheduling error. *Trier*, ¶ 15.

¶11 There are certain situations, however, where a defendant's nonappearance at a mandatory pretrial conference may not constitute a waiver of the right to a jury trial. In *Girard v. State*, defendant John Girard requested a jury trial and the municipal court set a pretrial hearing. *Girard*, ¶ 2. In its order setting the hearing, the court stated that Girard needed to be present at the hearing and that "failure to appear shall be deemed a waiver of jury and the [c]ourt shall set a non-jury trial." *Girard*, ¶ 2. Girard failed to attend his final pretrial conference, but his counsel appeared and explained to the court that Girard's developmental disabilities likely explained his absence. *Girard*, ¶ 4. Over counsel's

6

objection, the court reset Girard's trial for a bench trial, deeming Girard's nonappearance a waiver of his right to a jury trial. *Girard*, ¶ 4. The court did, however, state that it would reconsider its decision if Girard presented evidence of his disability. *Girard*, ¶ 4. Girard subsequently asked the court to reconsider and filed an affidavit from a registered nurse, who stated, among other things, that Girard was her patient; that he suffered a traumatic brain injury from a childhood accident; that he has cognition, memory, stress, and anxiety difficulties; and that his medical issues contribute to his difficulties in keeping appointments, meeting deadlines, and being organized in general. *Girard*, ¶ 5. Girard also submitted medical records indicating that he suffered from panic attacks; a seizure disorder; and that doctors treated him, prescribing him numerous daily medications. *Girard*, ¶ 5. The municipal court denied Girard's motion for reconsideration and held a bench trial, where it found Girard guilty. *Girard*, ¶ 6.

¶12 On appeal, we reversed the municipal court's refusal to reschedule Girard's jury trial. *Girard*, ¶ 15. We distinguished Girard's situation, where his developmental disabilities and medical conditions hindered his ability to promptly arrive at the hearing, from Trier's situation, where his nonappearance was due to counsel's oversight. *Girard*, ¶ 17. Taking into account all of the evidence presented to the municipal court regarding Girard's disability, we determined that Girard did not waive his right to a jury trial and remanded the case for a new trial. *Girard*, ¶ 20. We emphasized that a court must exercise its discretion in determining whether a defendant's nonappearance at a mandatory hearing constitutes a waiver of his right to a jury trial, noting that "the court must remain mindful

7

of any circumstances, demonstrated by the defendant, that inhibited his or her ability to comply with the court's order." *Girard*, ¶ 19.

¶13     Sherlock asserts on appeal that the Justice Court erred when it denied his motion to reschedule his jury confirmation hearing.  To the extent Sherlock broadly argues that waiver of a jury trial based on a defendant's nonappearance at a mandatory hearing is unconstitutional, we point him to the plain language of Article II, Section 26 of the Montana Constitution, our precedent regarding the issue, and the foregoing discussion, all of which demonstrate that such waiver is constitutionally permissible.  Sherlock further argues that he had good cause for failing to appear at the jury confirmation hearing. Sherlock asks us to distinguish his case from *Trier* and urges us to find similarities between his case and *Girard*.  Sherlock argues that the Justice and District Courts ignored his circumstances and characterized his "nonappearance as an automatic and categorical waiver of his right to a jury trial."  He encourages us to consider the unique circumstances of his case to reverse the Justice Court's decision.  Specifically, Sherlock emphasizes that he was not represented by counsel when the court set his jury confirmation hearing on November 5, 2015, and was still unrepresented when he missed the hearing on February 1, 2016.  Sherlock argues that he was, in essence, denied his Sixth Amendment right to counsel.  He also encourages us to observe that he already had a jury trial in October, which ended in a mistrial, signifying his obvious desire to assert his right to a jury trial.

¶14 The State argues that the Justice Court correctly determined Sherlock waived his right to a jury trial when he failed to appear at the jury confirmation hearing. The State urges us to distinguish the facts of the present case from the facts of *Girard* to find that Sherlock's circumstances—misreading the Justice Court's order setting the jury confirmation hearing—do not excuse his failure to appear at his jury confirmation hearing. The State responds to Sherlock's claim that he was deprived of his Sixth Amendment right to counsel by pointing out that Sherlock was not an indigent defendant and therefore had no right to a public defender. We agree with the State that Sherlock's Sixth Amendment claim is inapplicable in these proceedings, and consider the fact that Sherlock was unrepresented only as one of the circumstances surrounding his failure to appear at his jury confirmation hearing.

¶15 We hold that, under these circumstances, the Justice Court did not err in determining that Sherlock waived his right to a jury trial by failing to attend his jury confirmation hearing. The facts of Sherlock's case and the circumstances contributing to his failure to appear at the hearing fall somewhere in between the facts of *Trier* and those of *Girard*. Sherlock's mistakes are similar to those made in *Trier*, where Trier's counsel miscalendared the final pretrial conference. Sherlock was present at his September 28, 2015, jury confirmation hearing and October jury trial, which ended in a mistrial. When the Justice Court initially rescheduled Sherlock's jury trial for November, it applied the September 28, 2015, jury confirmation hearing to his second trial. However, once Sherlock's counsel withdrew and requested a new trial, the Justice Court determined that

the continued trial date necessitated a new jury confirmation hearing, and scheduled a new hearing for February 1, 2016. Thereafter, Sherlock was unrepresented and therefore did not have the benefit of counsel's help, as Trier did, in understanding the court's order and attendance requirements.

¶16    Sherlock based his request to reset his jury confirmation hearing on the fact that he misread the November 5th Order and misunderstood the need for a second jury confirmation hearing. Sherlock's misreading of the order was a straightforward mistake, and not one that can be attributed to the defendant's developmental disabilities and medical conditions like in *Girard*. While it is nonetheless factually distinguishable, we find this case more akin to *Trier*, where we held that the defendant waived his right to a jury trial by failing to appear at the hearing, than *Girard*, where we held that the defendant's disability excused his nonappearance and therefore found that he did not waive his right to a jury trial by failing to appear at the hearing.

¶17    The Justice Court appropriately considered the specific circumstances contributing to Sherlock's failure to appear at his jury confirmation hearing, evidenced by its order stating the reasons for its decision and noting that it considered the arguments made in Sherlock's motion and the State's response. The District Court also diligently considered Sherlock's appeal, issuing a seven-page order affirming the Justice Court's decision. For the foregoing reasons, we hold that Sherlock waived his right to a jury trial by failing to appear at his jury confirmation hearing and accordingly affirm the Justice Court's decision.

10

**CONCLUSION**

¶18     Sherlock's failure to attend his jury confirmation hearing constituted a waiver of his right to a jury trial.  Affirmed.


                                                /S/ LAURIE McKINNON


We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE