FILED

03/25/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0497

DA 18-0497

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 68N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JACQUELINE ANN MITCHELL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DC-17-48
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rachel G. Inabnit, Appellate Defender, Missoula, Montana

      For Appellee:

          Timothy C. Fox, Attorney General, Brad Fjeldheim, Assistant Attorney
General, Helena, Montana

          Eileen Joyce, Silver Bow County Attorney, Mollie Maffei, Deputy County
Attorney, Butte, Montana

Submitted on Briefs:  January 29, 2020

Decided:  March 24, 2020

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On July 26, 2015, Butte law enforcement responded to a report that a woman was sleeping in her car at the intersection of Harrison Avenue and Roosevelt Avenue, and made contact with Mitchell, who was sleeping in her Dodge Durango at the intersection. After an investigation, Mitchell was charged with misdemeanor driving under the influence of alcohol, in violation of § 61-8-401(1)(a), MCA. Mitchell's jury trial in Butte City Court was set for December 9, 2015, and, after eight continuances, Mitchell was convicted by a jury on March 15, 2017.

¶3 Mitchell appealed to the Second Judicial District Court, Butte-Silver Bow County, for a trial *de novo*, which was set for June 6, 2017. The trial order mandated that "[t]he Defendant and counsel for both parties shall appear" at pretrial conference and the trial. The State filed a motion to endorse an expert witness. After Mitchell objected to the State's motion, the District Court set an evidentiary hearing for the same time as the pretrial conference to "reduce the burden of travel and scheduling on the Defendant and her counsel." The order required Mitchell to personally appear due to "the substantive nature of the Defendant's challenge" to the motion. On a request from Mitchell to accommodate

2

a medical condition that kept her from attending, the District Court reset the evidentiary hearing on June 23, 2017, the pretrial conference on July 13, 2017 and the trial for July 24, 2017. The order stated that Mitchell was to personally attend the pretrial conference.

¶4 Mitchell did not appear for the June 23, 2017, evidentiary hearing. Mitchell's counsel advised the court that Mitchell was "not here, your Honor. I did text with her just before the hearing. I know she was having some difficulties getting a ride. She said she had a family emergency, could not be there—here. I think she is available by phone." The District Court stated, "[i]ts interesting that nine minutes after we're set for a hearing is when we first learn that Miss Mitchell has a problem," and expressed concerns about proceeding without Mitchell for a critical stage of the case. The court called Mitchell and advised her over the telephone that "[o]ne of this Court's requirements is that you be in court for all proceedings conducted in your case," and that "you have not acted with diligence to request an excuse" for not appearing. The court advised Mitchell "you need to understand clearly, I will not put up with that kind of conduct." The District Court vacated the hearing and rescheduled it for June 30, 2017, with a warning to Mitchell that "I'm telling you right now if you miss any further court proceedings without valid cause and short of death or hospitalization, I can't think of another cause that I'm willing to accept based on the record," and "[t]here will be no excuses, as I've indicated, save for hospitalization or death." The District Court also reminded Mitchell that her personal appearance was a condition of her release on bail, which would be revoked if she failed to appear.

¶5      Mitchell personally appeared at the June 30, 2017 hearing. At the hearing, Mitchell's counsel requested that the District Court allow Mitchell to file a motion to dismiss based on her position that the investigating officers impaired her ability to seek an independent blood-alcohol test, and for defense counsel to file an *Anders* brief on that issue. The District Court again continued the trial, and verbally set a schedule for filing the *Anders* brief and Mitchell's response. Mitchell's counsel filed the *Anders* brief, but Mitchell did not file a response as ordered, or at all. After 10 months had passed, the District Court set the trial for June 28, 2018, noting the delays caused by Mitchell.

¶6      Mitchell failed to appear for the June 28, 2018 trial, but her counsel did appear. Defense counsel advised the court that counsel had received an email from Mitchell the morning of trial asking for additional time to file her response to the *Anders* brief, and that she was unable to personally appear due to illness, concerns with transportation difficulties, and a pending Child Protective Services case in Mineral County. Mitchell had not requested a continuance prior to the trial. The State moved to dismiss the appeal, and District Court granted the motion, remanding the case to city court for imposition of sentence. Defense counsel objected on the grounds that Mitchell had established good cause for her nonappearance at trial.

¶7      The sole issue on appeal is whether the District Court abused its discretion by dismissing Mitchell's appeal from City Court.

¶8      The Montana Constitution provides:

4

The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such a manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law.

Mont. Const. art. II, § 26. "We have previously established that a misdemeanor defendant may waive his or her Article II, Section 26 right to trial by jury by failing to appear as directed by the trial court." *City of Kalispell v. Salsgiver*, 2019 MT 126, ¶ 20, 396 Mont. 57, 443 P.3d 504; *see also State v. Sherlock*, 2018 MT 92, ¶¶ 17-18, 391 Mont. 197, 415 P.3d 997; *City of Missoula v. Cox*, 2008 MT 364, ¶ 10, 346 Mont. 422, 196 P.3d 452; *State v. Trier*, 2012 MT 99, ¶ 15, 365 Mont. 46, 277 P.3d 1230.

¶9    "Section 46-17-311, MCA, provides the exclusive statutory remedy for appeals from courts of limited jurisdiction." *State v. Kempin*, 2001 MT 313, ¶ 9, 308 Mont. 17, 38 P.3d 859. Subsection 311(5) provides:

If, on appeal to the district court, the defendant fails to appear for a scheduled court date or meet a court deadline, the court may, except for good cause shown, dismiss the appeal on the court's own initiative or on motion by the prosecution and the right to a jury trial is considered waived by the defendant. Upon dismissal, the appealed judgment is reinstated and becomes the operative judgment.

Section 46-17-311(5), MCA. Additionally, "[i]n all cases in which the defendant is charged with a misdemeanor offense, the defendant may appear by counsel only, *although the court may require the personal attendance of the defendant at any time*." Section 46-16-120, MCA (emphasis added). "Section 46-16-120, MCA, necessarily applies to § 46-17-311(5), MCA, in the context of a misdemeanor charge, because § 46-16-120, MCA, applies to 'all [misdemeanor] cases.' A defendant, therefore, only 'fails to appear'

5

under § 46-17-311(5), MCA, if both the defendant and defendant's counsel fail to appear, *unless the court had previously informed the defendant that his personal attendance was required.*" *State v. Clark*, 2006 MT 313, ¶ 10, 335 Mont. 39, 149 P.3d 551 (emphasis added).

¶10 Mitchell argues the District Court should have warned her specifically that failure to personally appear would result in the waiver of right to a jury trial. Thus, because she was not provided that specific caution, Mitchell argues she could not knowingly, voluntarily, or intelligently waive right to a jury trial. However, the right to jury trial is not unqualified, and is constitutionally subject to waiver upon "default of appearance." Mont. Const. art. II, § 26; § 46-17-311(5), MCA; *Salsgiver*, ¶ 20. Further, as delineated above, Mitchell was warned unambiguously and repeatedly that her presence was required at the trial, and that the court would "not put up with" Mitchell's continuing failure to cooperate and appear: "There will be no excuses, as I've indicated, save for hospitalization or death. Ms. Mitchell, you will be here." There simply is no question that Mitchell was adequately warned, and the District Court did not err by concluding Mitchell had failed to appear for her jury trial under § 46-17-311, MCA. The District Court had "previously informed the defendant that her personal appearance [was] required." *State v. Ziolkowski*, 2014 MT 58, ¶ 13, 374 Mont. 162, 321 P.3d 816. Nor is Mitchell's argument compelling on this record that she had "good cause" for failing to appear at trial.

¶11 Lastly, Mitchell argues that the process of waiver violated her constitutional right to a jury trial. Mitchell did not raise this issue in the District Court, and "[w]e have

consistently held that this Court will not consider issues raised for the first time on appeal when the appellant had the opportunity to make an objection at the trial level." *State v. Dahlin*, 1998 MT 113, ¶ 13, 289 Mont. 182, 961 P.2d 1247 (quotation omitted). Although Mitchell's counsel objected to the District Court's dismissal generally on the basis that Mitchell had good cause for her nonappearance, this alone does not preserve a constitutional challenge. Mitchell asks in her reply brief that we invoke the common law plain error doctrine because the claimed error implicates Mitchell's fundamental right to a jury trial, but "we previously have refused to invoke the common law doctrine of plain error review when a party raises such request for the first time in his reply brief." *State v. Johnson*, 2010 MT 288, ¶ 13, 359 Mont. 15, 245 P.3d 1113 (internal citations omitted). We decline to do so today.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON

7