FILED

04/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0741

DA 17-0741

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 85N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

AUSTIN BOOSE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-17-493(D)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Deborah S. Smith, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Renn Fairchild, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  March 11, 2020

Decided:  April 7, 2020

Filed:

          _____
                           Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On April 17, 2016, Austin Boose (Boose) was charged with first offense driving under the influence of alcohol, a misdemeanor. Boose entered a not guilty plea at his initial appearance on April 29, 2016. At that appearance, the Justice Court orally ordered Boose to personally appear at all proceedings and informed him his failure to appear would result in a waiver of his right to a jury trial. Additionally, at that hearing the court appointed the public defender to represent Boose and Boose signed an Acknowledgement of Rights Upon Plea of Not Guilty, which reiterated the rights explained to him by the court and specifically provided, "I understand that if I fail to attend either the omnibus hearing or the pretrial conference I will give up my right to trial by jury." Following the initial appearance, the Justice Court served the Omnibus Hearing Notice on both Boose at the address he provided and Boose's counsel. In addition to providing the date and time of the omnibus hearing, the notice ordered that Boose "must appear in person" at the omnibus hearing and informed him that, "[i]f you fail to attend the Omnibus Hearing you will waive (give up) the right to trial by jury."

¶3      Although his counsel was present, Boose did not attend the omnibus hearing on July 5, 2016.  Based on Boose's default in appearance at the omnibus hearing, the Justice Court set the matter for bench trial.  Prior to the bench trial, Boose filed an objection to the court's order to waive jury trial and a motion to preserve his right to a jury trial.  The Justice Court denied the motion.  Boose was convicted at bench trial, following which he appealed the denial of his motion to preserve his right to a jury trial to District Court.  The District Court, which functioned as an intermediate appellate court, affirmed the Justice Court.  *See* §§ 3-5-303 and 3-10-115, MCA.  Boose now appeals from both the Justice Court's and the District Court's denials of his motion to preserve his right to a jury trial, determining he waived his right to a jury trial under Article II, Section 26, of the Montana Constitution. We affirm.

¶4      We review a district court's appellate decision as if originally appealed to this Court. *City of Kalispell v. Salsgiver*, 2019 MT 126, ¶ 11, 396 Mont. 57, 443 P.3d 504.  We review a lower court's conclusions of law and interpretations of the Constitution de novo. *Salsgiver*, ¶ 11.

¶5      The sole issue on appeal is whether the Justice Court correctly ruled Boose waived his right to a jury trial by failing to appear at the omnibus hearing in violation of the Justice Court's order.  In sum, Boose argues a default in appearance waiver of his right to a jury trial must be made knowingly, intelligently, and voluntarily to be valid under the Montana Constitution.   The State asserts Boose's argument is at odds with precedent directly interpreting Article II, Section 26, of the Montana Constitution.  We agree with the State.

3

¶6     The Montana Constitution provides:

> The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such a manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law.

Mont. Const. art. II, § 26. "We have previously established that a misdemeanor defendant may waive his or her Article II, Section 26 right to trial by jury by failing to appear as directed by the trial court." *Salsgiver*, ¶ 20; *see also State v. Sherlock*, 2018 MT 92, ¶¶ 17-18, 391 Mont. 197, 415 P.3d 997; *City of Missoula v. Cox*, 2008 MT 364, ¶ 10, 346 Mont. 422, 196 P.3d 452; and *State v. Trier*, 2012 MT 99, ¶ 15, 365 Mont. 46, 277 P.3d 1230. Additionally, "[i]n all cases in which the defendant is charged with a misdemeanor offense, the defendant may appear by counsel only, *although the court may require the personal attendance of the defendant at any time*." Section 46-16-120, MCA (emphasis added). A defendant, therefore, only "fails to appear" under § 46-16-120, MCA, "if both the defendant and defendant's counsel fail to appear, *unless the court had previously informed the defendant that his personal attendance was required*." *State v. Clark*, 2006 MT 313, ¶ 10, 335 Mont. 39, 149 P.3d 551 (emphasis added). The right to jury trial is not unqualified, and is constitutionally subject to waiver upon "default of appearance." Mont. Const. art. II, § 26. *See also* § 46-17-311(5), MCA; *Salsgiver*, ¶ 20.

¶7     Here, Boose was present in court when read the conditions of his release and informed of his continuing obligation to attend future court proceedings. The Justice Court advised him orally that if he failed to personally appear at his omnibus hearing, he would waive his right to a jury trial. Boose signed an acknowledgement which specifically

provided, "I understand that if I fail to attend either the omnibus hearing or the pretrial conference I will give up my right to trial by jury." He was then provided additional notice of the omnibus hearing and ordered "You must appear in person. . . . If you fail to attend the Omnibus Hearing you will waive (give up) the right to trial by jury." The Justice Court had clearly and emphatically "previously informed [Boose] that [his] personal appearance [was] required." *State v. Ziolkowski*, 2014 MT 58, ¶ 13, 374 Mont. 162, 321 P.3d 816 (citations omitted). Finally, Boose gave no reason or cause as to his failure to appear and there is nothing in the record to indicate Boose suffers any cognitive disability. Consistent with our precedent in *Cox* and *City of Missoula v. Girard*, 2013 MT 168, 370 Mont. 443, 303 P.3d 1283, it remains within the trial court's discretion to waive a defendant's right to a jury trial through "default of appearance" in accordance with the plain language of Article II, Section 26, of the Montana Constitution. The Justice Court correctly ruled Boose waived his right to a jury trial by failing to appear at the omnibus hearing in violation of the court's order.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ INGRID GUSTAFSON

5

We concur:


/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JIM RICE
/S/ DIRK M. SANDEFUR