FILED

12/31/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0607

DA 22-0607

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 326N

CITY OF THOMPSON FALLS,

     Plaintiff and Appellee,

  v.

SETH ANDREW KELLER-KEITH,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC-22-04
Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Abigail Coburn, Ryan & Miller, PLLC, Missoula, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

     Timothy G. Goen, Thompson Falls City Attorney, Thompson Falls,
Montana

Submitted on Briefs:  December 11, 2024

Decided:  December 31, 2024

Filed:

                          Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Seth Andrew Keller-Keith appeals from the Twentieth Judicial District Court, Sanders County's September 29, 2022 order dismissing the appeal of his city court conviction.  We reverse and remand for proceedings consistent with this Opinion.

¶3     On January 12, 2022, a jury convicted Keller-Keith of misdemeanor partner or family member assault in Thompson Falls City Court.  Keller-Keith timely appealed the conviction to the District Court, and the District Court ultimately set an omnibus hearing for August 9, 2022, and a trial for September 12, 2022.  Keller-Keith moved to continue the trial, but not the omnibus hearing, because he had applied to attend an in-patient drug treatment program that would last between 30 and 60 days.  The District Court granted the continuance and reset the trial for November 7, 2022.

¶4     At the omnibus hearing on August 9, 2022, Keller-Keith's counsel appeared and notified the District Court that Keller-Keith had been admitted to Rimrock Treatment Center ("Rimrock") in Billings the day before.  The City Attorney was not present at the August 9, 2022 hearing, which the District Court noted was "somewhat understandable" given the changes to the schedule.  The District Court reset the omnibus hearing for September 27, 2022, to "give [Keller-Keith] time to get out of treatment."

¶5　At the second omnibus hearing on September 27, 2022, neither Keller-Keith nor his counsel were present when the District Court called the case. The City Attorney stated that it was his understanding that Keller-Keith was still at Rimrock but asked that the District Court dismiss the case for "failure to appear." The District Court orally granted the dismissal. Approximately 30 minutes later, Keller-Keith's counsel appeared and explained that she had been in court in another jurisdiction, which the District Court found was not good cause to avoid dismissal for failure to appear. On September 29, 2022, the District Court issued a written order dismissing the case pursuant to § 46-17-311(5), MCA, due to Keller-Keith's counsel's failure to appear and a lack of good cause for her absence. The order did not address the reason for Keller-Keith's absence.

¶6　We review a district court's dismissal of an appeal from a City or Justice Court for abuse of discretion. *State v. Ziolkowski*, 2014 MT 58, ¶ 11, 374 Mont. 162, 321 P.3d 816. A district court "necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Ziolkowski*, ¶ 11.

¶7　Section 46-17-311(5), MCA, provides: "If, on appeal to the district court, the defendant fails to appear for a scheduled court date or meet a court deadline, the court may, except for good cause shown, dismiss the appeal on the court's own initiative or on motion by the prosecution." The District Court determined that Keller-Keith's counsel's reason for being late to the September 27, 2022 hearing was not sufficiently good cause to avoid dismissal. But we have held that if *either* the defendant *or* his or her counsel is present at a hearing, unless the district court requires the defendant's personal attendance, the

3

defendant has not failed to appear. *State v. Clark*, 2006 MT 313, ¶ 12, 335 Mont. 39, 149 P.3d 551. If either the defendant or counsel has good cause not to appear, the District Court may not dismiss the case under § 46-17-311(5), MCA.

¶8 The District Court approved Keller-Keith's absence to attend treatment at Rimrock both in its July 26, 2022 order granting a continuance so that he could attend treatment and when it reset the omnibus hearing for September 27, 2022, because he had just begun treatment. Even assuming for the sake of argument that Keller-Keith's counsel did not have good cause for her absence at the September 27, 2022 hearing, Keller-Keith did. The State argues that Keller-Keith has not established good cause for his absence because the "record does not confirm" whether he was still in treatment at the time of the September 27, 2022 hearing. But the only information in the record regarding Keller-Keith's whereabouts on September 27, 2022 are his counsel's representation at the August 9, 2022 omnibus hearing, that Keller-Keith had just begun a 30 to 60-day in-patient treatment program at Rimrock and the City Attorney's representation at the September 27, 2022 omnibus hearing that it was his understanding that Keller-Keith was not present because he was still at Rimrock—neither of which the District Court questioned or took issue with. The City Attorney's comments that he had not received any information to confirm his understanding that Keller-Keith was still at Rimrock do not amount to a denial that Keller-Keith was still at Rimrock. The District Court abused its discretion when it dismissed Keller-Keith's appeal without considering whether he had good cause for not being present personally.

4

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's September 29, 2022 order is reversed, and the case is remanded for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE